THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* DANIEL MAXON, APPELLANT.

*Rape — the act must be committed against the will and without the consent of the female.*

An indictment charged the crime of rape in two counts : First. Sexual intercourse upon one Augusta Brandes, a female under the age of sixteen years, and not the wife of the accused, violently, forcibly and without her consent and against her will. Second. Sexual intercourse upon one Augusta Brandes, a female under the age of sixteen years, and not the wife of the accused, in that he (the prisoner) did willfully and feloniously have sexual intercourse with, ravish and carnally know her.

The testimony did not tend to establish the acts charged in the first count, but the acts charged in the second count were proved.

Upon the trial it was objected that the facts as proved did not constitute the crime of rape, and the court was requested to hold that, under the second count, the accused could not be convicted of that crime, which the court declined to do.

*Held,* that the request was a proper one; that, in order to constitute the crime of rape, the acts must be committed against the will and without the consent of the female.

APPEAL by the defendant Daniel Maxon from a judgment, rendered at the Ulster General Sessions, convicting the defendant of the crime of rape on March 1, 1890.

The indictment was as follows:

" The grand jury of the county of Ulster, in the State of New York, by this indictment accuse Daniel Maxon, late of the city of Kingston, in the county of Ulster and State of New York, of the crime of rape, committed as follows:

" The said Daniel Maxon, on the twenty-fifth day of December, in the year of our Lord one thousand eight hundred and eighty-eight, with force and arms at the city of Kingston, in the county of Ulster and State of New York, in and upon one Augusta Brandes, a female under the age of sixteen years, to wit: Of the age of fifteen years and not the wife of him, the said Daniel Maxon, violently, forcibly and feloniously did make an assault, and her, the said Augusta Brandes, then and there violently, forcibly, without her consent and against her will, willfully and feloniously did have sexual intercourse with, ravish and carnally know against the form of the statute in such case made and provided and against the peace of the People of the State of New York and their dignity.

" *Second Count.* And the grand jury aforesaid, by this indictment further accuse the said Daniel Maxon, late of the city of Kingston, in the county of Ulster and State of New York, of the crime of rape committed as follows:

" The said Daniel Maxon afterwards, to wit: On the twenty-fifth day of December, in the year of our Lord one thousand eight hundred and eighty-eight, at the city of Kingston, in the county of Ulster and State of New York, with force and arms, in and upon one Augusta Brandes, a female under the age of sixteen years, to wit: Of the age of fifteen years, and not the wife of him, the said Daniel Maxon, feloniously did make an assault, and her, the said

Augusta Brandes, then and there willfully and feloniously did have sexual intercourse with, ravish and carnally know against the form of the statute in such case made and provided and against the peace of the People of the State of New York and their dignity.

*D. M. De Witt,* for the appellant.

*J. N. Vanderlyn,* district attorney, for the People.

LANDON, J. :

The defendant was found guilty upon an indictment containing two counts. In each count it is alleged that the "grand jury of, etc., accuse Daniel Maxon, late of, etc., of the crime of rape, committed as follows." In the first count the acts charged as constituting the crime charge a rape as defined in section 278 of the Penal Code, namely, "An act of sexual intercourse with a female, not the wife of the perpetrator, committed against her will or without her consent." In the second count the acts charged as constituting the crime, charge an act of sexual intercourse with a female, not the wife of the defendant, under the age of sixteen years.

The testimony given did not tend to establish the acts charged in the first count, but did tend to establish the acts charged in the second count.

The point was distinctly presented upon the trial that the crime charged in the second count was rape, and the facts charged did not constitute the crime of rape, but did constitute the crime of the act of sexual intercourse with a female, not the wife of the defendant, under the age of sixteen years.

The court was thereupon requested to hold that, under this count, the defendant could not be convicted. The court refused so to hold. We think the request was a proper one, and that its refusal was error. Section 278 of the Penal Code defines rape as follows : " Rape is an act of sexual intercourse with a female, not the wife of the perpetrator, committed against her will or without her consent." No other definition of rape is given. The section continues : " A person perpetrating such an act (*i. e.,* rape), or an act of sexual intercourse with a female not his wife, (1.) When the female is under the age of sixteen years ; " then follow several other conditions not material here, the section concluding, " is punishable by imprisonment for not less than five nor more than twenty years."

Since the statute makes it an essential of the crime of rape that the act of sexual intercourse must be committed "against the will or without the consent" of the female, any other criminal sexual intercourse which does not embrace that essential must be other than rape. The section in question makes the acts of criminal sexual intercourse other than rape equally punishable with rape, but it does not make them rape, and it distinguishes them from rape, not only by the difference in definition, but also by separating them from each other by the disjunctive *or* in the sentence, "A person perpetrating such an act (*i. e.*, rape), *or* an act of sexual intercourse," etc.

The defendant was, therefore, accused in the second count of the indictment of rape, and was charged with acts as constituting it, which did not, in fact, constitute it. The accusation of crime was not supported by a charge of acts constituting that crime. The crime charged was not supported by the acts proved. The defendant was found guilty of rape without having been proved guilty of rape. He may have been proved guilty of the "carnal abuse of a child," if we may adopt the language of the title of the chapter in which section 278 of the Penal Code is placed, or of "an act of sexual intercourse with a female, not his wife, under the age of sixteen years," if we use, as we think is preferable, the language of the section itself, but he was not accused in the indictment of this crime. Section 276 of the Code of Criminal Procedure requires that the indictment shall state both the accusation of the crime and the facts whereby it was committed. A substantial variance between the crime charged and the facts charged is fatal. (*People* v. *Dumar*, 106 N. Y., 502.)

The judgment of conviction and sentence must be reversed and the case be remitted to the Sessions of the county of Ulster for such proceedings as may be proper.

LEARNED, P. J., and MAYHAM, J., concurred.

Judgment and conviction reversed; cause remitted to Sessions for further action.