THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES FLAHERTY, Appellant.

*Sexual intercourse with a female under sixteen years of age — sufficiency of the indictment — evidence of intercourse with others.*

An indictment for a statutory offense is sufficient when it charges the offense as the statute defines it, and it is the purpose of the statute that no indictment shall be deemed insufficient by reason of an imperfection in matter of form which does not tend to the prejudice of a substantial right of the defendant.

An indictment charged that a person did wickedly and feloniously perpetrate an act of sexual intercourse with a specified person, a female not his wife, she being at that time a female under the age of sixteen years, contrary to the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

*Held,* that such indictment was sufficient.

Upon the trial of a person for the crime of having had sexual intercourse with a female, not his wife, under the age of sixteen years, evidence was given upon the part of the People tending to prove that the defendant had sexual intercourse with the prosecutrix twice in June, 1892; that no person other than the defendant had had sexual intercourse with the prosecutrix, and that in March, 1893, the prosecutrix had given birth to a fully developed child. The defendant offered to prove that certain other persons in the month of June, 1892, had had sexual intercourse with the prosecutrix, which proof, under the objection of the prosecutrix, was excluded.

*Held,* that such evidence was improperly excluded;

That while the fact that others had had sexual intercourse with the prosecutrix would be no defense to the defendant if he also had sexual intercourse with her while she was under the age of sixteen years, yet that such evidence was admissible as bearing, so far as it might, against the corroboration which the evidence of the birth of a child tended to give to the charge of intercourse by the defendant with the prosecutrix.

Appeal by the defendant, Charles Flaherty, from a judgment of a Court of Sessions, held in and for the county of Livingston, rendered on the 24th day of April, 1893, convicting the defendant of the crime of having had sexual intercourse with a female under the age of sixteen years, not his wife.

*F. C. Peck,* for the appellant.

*William Carter, District Attorney,* and *Edward R. Coyne,* for the respondent.

Bradley, J.:

The indictment contained two counts. By the first it is charged that the defendant on the 1st day of July, 1892, at the town of Mount Morris, in the county of Livingston, " did wickedly and feloniously perpetrate an act of sexual intercourse with one Mary Sweeney, a female not his wife, the said Mary Sweeney being at said time a female under the age of sixteen years, contrary to the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

The second count, for the purposes of any question presented, is not essentially different from the first.

The defendant demurred to the indictment on the grounds : (1) That the acts stated in it do not constitute a crime. (2) That no crime is charged by it.

This demurrer was overruled and exception taken, and the defendant thereupon entered his plea of not guilty to the indictment. The trial was had, and the result was a verdict of guilty and a judgment of conviction.

The question raised by the demurrer requires a reference to the statute, which at the time of the commission of the alleged offense provided that " Rape is an act of sexual intercourse with a female not the wife of the perpetrator, committed against her will or without her consent. A person perpetrating such an act or an act of sexual intercourse with a female not his wife : (1) When the female is under the age of sixteen years, or * * * (3) When her resistance is forcibly overcome * * * is punishable by imprisonment," etc.

The objection made to the indictment was that it failed to charge the defendant with any defined crime. It did set forth the act which was by the statute a criminal offense.

Was anything further requisite ?

The statute provides that "An indictment is an accusation in writing, presented by a grand jury to a competent court, charging a person with a crime." (Code Crim. Proc. § 254.) This is the definition of a presentment by the grand jury. Then as to its form and contents the statute further provides that " the indictment must contain : (1) The title of the action, specifying the name of the court to which the indictment is presented, and the names of the parties. (2) A plain and concise statement of the act constituting the crime without unnecessary repetition." (Id. § 275.) That " words used in a statute to define a crime need not be strictly pursued in the indictment, but other words conveying the same meaning may be used." (Id. § 283.) " That no indictment is insufficient, nor can the trial, judgment or other proceeding thereon be affected, by reason of an imperfection in matter of form, which does not tend to the prejudice of the substantial rights of the defendants upon the merits " (Id. § 285), and that " neither presumptions of

law, nor matters of which judicial notice is taken, need be stated in an indictment." (Id. § 286.) It is, however, urged on the part of the defendant that although the act charged in the indictment was a crime, the definition of it was rape, and that the allegation in it of such definition was essential to its support.

It is the general rule that an indictment for a statutory offense is sufficient when it charges the offense as the statute defines it. (*Phelps* v. *People*, 72 N. Y. 334 ; *Tully* v. *People*, 67 id. 15.) This the indictment in the present case does with substantial precision. When a crime has a general name it is desirable for certainty that it be inserted in the indictment as well as the act which constitutes it. Such is the form mentioned in the statute. (Code Crim. Proc. § 276.) But it does not by the terms of that section seem to be imperative in its application to all cases. It purports to give what may be substantially the form. In that respect by its terms it is not applicable to an offense having no general name.

In *People* v. *Maxon* (57 Hun, 366) it was held that the crime charged as in the present indictment was not rape because it did not come within the definition of that crime. By the Revised Statutes the " Carnally and unlawfully knowing any female child under the age of ten years " constituted the crime of rape, and was there so designated. (2 R. S. 663, § 22.)

The language of section 278 of the Penal Code differs from that of the prior statute on the subject, and as it was at the time in question is susceptible of a construction which rendered sexual intercourse against the will or without the consent of the female essential to the crime of rape as there defined, as held in *People* v. *Maxon.*

In the view taken it is unnecessary to consider the question whether or not the theory of the crime is such that a female within the designated age cannot consent to sexual intercourse, and, therefore, in the legal sense it is had against her will. However that may be, the act constituting the crime in the present case is concisely stated in the indictment, and there is no opportunity to misunderstand from it the nature of the offense charged, nor is it susceptible of any other than one interpretation, and that one cannot mislead in that or any respect. In *People* v. *Dumar* (106 N. Y. 502) and in *People* v. *Connor* (126 id. 278) the question presented here did not arise. In the former the indictment was held insufficient

because it failed to state the act which constituted the crime. This the charge of larceny did not necessarily do.

And in the *Connor* case no question arose upon the sufficiency of the indictment. There the conviction of the charge of rape upon a female upwards of sixteen years of age was affirmed. As has been observed, the purpose of the statute, to which reference has been made, is that no indictment shall be deemed insufficient by reason of an imperfection in matter of form which does not tend to the prejudice of any substantial right of the defendant. The conclusion is that the indictment in question is sufficient and, therefore, the demurrer was properly overruled.

In July, 1882, the defendant became, and thereafter, up to the time of the presentment of the charge in question against him, continued to be, the pastor in charge of St. Patrick's Church at Mt. Morris, N. Y. The prosecutrix attended that church. She became sixteen years of age July 4, 1892, and remained unmarried. She testified that upon eight occasions during the period commencing in February, 1892, and ending in June following, the defendant had sexual intercourse with her. And other than by her testimony evidence was given tending to prove circumstances corroborative of the charge of such intercourse by him with her within that period of time. The evidence on the part of the prosecution was sufficient to send the case to the jury.

The defendant, by his testimony, fully contradicted the charge and the evidence tending to prove it. It was for the jury to determine what the truth was. The question of fact was submitted to them and their verdict was supported by the evidence.

After the People had given evidence tending to prove that the defendant had sexual intercourse with the prosecutrix twice in June, 1892, and had proved that she had in March, 1893, given birth to a fully developed child, the defendant offered to prove that certain other persons in the month of June, 1892, had sexual intercourse with her. This evidence on the objection of the prosecution was excluded and exception taken.

The fact of pregnancy and child birth was of itself unimportant. Nor was it important that such intercourse had been had with the prosecutrix by others. That fact would be no defense for the defendant if he also had sexual intercourse with her while she was

under the age of sixteen years. But so far as the evidence offered by the defendant may have had a bearing in refutation or contradiction of the charge made against him it was competent. When it was proven that Miss Sweeney gave birth to a child in March, 1893, that fact, in view of her evidence that no person other than the defendant had had sexual intercourse with her, was corroboration of the charge against him. It was evidently proved for such purpose, as it was quite satisfactory evidence to the effect that such intercourse had been had with her by some person.

The defendant, therefore, should have been permitted to prove that others in the month of June and thereabouts had sexual intercourse with her, as bearing so far as it might against the charge of such intercourse which that corroborative evidence tended to impute to him.

The purpose of the evidence so offered by the defendant was legitimate. In cannot now be seen what may have been the effect of the evidence if it had been received, or that the defendant may not have been prejudiced by its exclusion. The defendant's exception was well taken.

And for that reason the judgment and conviction should be reversed and a new trial granted.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and conviction of Court of Sessions of Livingston county appealed from reversed and a new trial granted, and for that purpose the proceedings are remitted to that court.