[Crim. No. 645.  Third Appellate District.—February 5, 1923.]

## THE PEOPLE, Respondent, v. OZIAS OLIVER, Appellant.

[1] CRIMINAL LAW — RAPE — EVIDENCE—INTERCOURSE WITH OTHER MEN.—In a prosecution for rape committed upon a girl of the age of fourteen years, it was not error to strike out, on motion of the people, a negative answer to the question asked the prosecuting witness on cross-examination as to whether she had ever had sexual intercourse with another young man, naming him.

[2] ID.—DENIAL OF NEW TRIAL—DISCRETION NOT ABUSED.—In this prosecution for rape, it cannot be said under the circumstances of the case that the trial court abused its discretion in denying the motion for a new trial on the ground of newly discovered evidence.

[3] NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION.—A motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court and is to be regarded with distrust and disfavor.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order denying a new trial. L. W. Fulkerth, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of rape accomplished with a girl of the age of fourteen years. He prosecutes this appeal from the judgment and the order denying his motion for a new trial.

At the time of the alleged offense the defendant was a married man but separated from his wife, from whom he had theretofore secured an interlocutory decree of divorce. He resided, apparently alone, in a house near the residence of his mother. The prosecutrix had lived with her parents for several months in the same neighborhood in which defendant resided and was a friend of defendant's sister, both girls being of about the same age. The prosecutrix testified

that the defendant committed the act charged, her resistance being formal only, if any; that prior to that time he had done things which were not gentlemanly "in different ways; fooled with me . . . with his hand." The defendant denied the crime charged but did not deny the acts of familiarity further than to say that his relations with the prosecutrix had been "proper." According to the defendant's testimony the girl was the pursuer and he the pursued. He testified that he met her nearly every evening by her appointment; that he frequently kissed her; that she asked him to marry her and he replied: "I will talk with you after I get my final decree." As is usual in such cases, there was no direct testimony as to the commission of the act other than that of the prosecutrix and the defendant. It is not contended, however, that the evidence is insufficient to sustain the charge.

[1] On cross-examination the prosecutrix was asked if she had ever had sexual intercourse with another young man, naming him. Over the people's objection she was permitted to answer in the negative. Thereafter, on motion of the district attorney, the answer was stricken out by the court. The ruling was not erroneous. (*People* v. *Harlan,* 133 Cal. 16 [65 Pac. 9]; *People* v. *Kilfoil,* 27 Cal. App. 29 [148 Pac. 812]; *People* v. *Wademan,* 38 Cal. App. 116 [175 Pac. 791].)

Appellant complains of one of the instructions given by the court. It is sufficient to say that the instruction is in the exact language of one approved in the case of *People* v. *Wolff,* 182 Cal. 728, at page 739 [190 Pac. 22].

[2] It is contended that the court should have granted defendant's motion for a new trial on the ground of newly discovered evidence. On the hearing of the motion testimony was taken pursuant to a stipulation that the transcript thereof should be treated as affidavits. On such hearing two physicians who attended the prosecutrix at the county hospital, where she was taken the third day after the alleged offense, gave testimony which tended to show, but not certainly, that the prosecutrix was suffering from gonorrhea when taken to the hospital, though no microscopic examination was made. One of the physicians testified that he had known of the disease developing in three days after exposure,

that he would not say it would not develop in two days, but that the usual period is from three to ten days; that ''where the male has been exposed to an infection prior to the time of coming in contact with the female there is a possibility of the male carrying and transmitting these germs without getting them himself, that is, get the infection''; that ''it has been known that cases of gonorrhea that have been quiescent for years have been transmitted from the male to the female, and where the individual was apparently cured.'' The prosecutrix testified at such hearing that the disease developed on January 22d, two days after the commission of the offense. The defendant testified that he was not afflicted with any venereal disease during the year in which the crime is alleged to have been committed, but that he had gonorrhea in 1914 or 1915. At the trial, on cross-examination, the prosecutrix testified that she had never had sexual intercourse with any person but the defendant and with him but the one time; that she was taken in charge by the juvenile court and placed in the county hospital on the 23d of January, where she was given treatment on account of defendant's sexual intercourse with her and that such act had ruined her health for life. In denying the motion for a new trial, the court referred to this testimony of the prosecutrix and said: ''That was sufficient, it seems to me, to put the defendant on inquiry, and he could easily then have ascertained . . . almost at the beginning of the trial of the case that this condition existed.'' The court further expressed the opinion that the evidence claimed to have been newly discovered would not have changed the result if it had been produced at the trial. If it be conceded that such evidence was admissible, it was uncertain in character and of doubtful value. As tending to show intercourse with other men, the evidence was immaterial. As tending to show that if the act charged was committed by the defendant he probably would have contracted the disease, the evidence was at least uncertain, because the infection of the prosecutrix did not develop until two days after the commission of the act charged. [3] It has often been held that a motion for a new trial on the ground of newly discovered evidence is addressed to the discretion of the trial court, and is to be regarded with distrust and disfavor. Under the circum-

stances of this case, it cannot be said that the trial court abused its discretion in denying the motion.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.