## J. C. CHANDLER v. STATE.

No. A-4824. Opinion Filed June 13, 1925.
(236 Pac. 917.)

R. A. Wilkerson, T. C. Wilson, A. L. Battenfield, and A. W. Fisher, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error was convicted in the district court of Mayes county on a charge of rape in the second degree, and sentenced to a term of one year in the state penitentiary.

The petition in error assigns various matters, but the brief is limited to the one contention that the court excluded competent and material evidence offered by plaintiff in error in his defense. In the direct testimony of the witness Marie Washam, the state proved that by reason of the intercourse between the defendant and the prosecuting witness she became pregnant. On cross-examination the defendant sought to show acts of intercourse with others than defendant. Here the court interrupted and announced, in substance, that evidence of illicit relations between prosecutrix and any other person was incompetent, and after some colloquy between the court and counsel, the court said:

"I understand what you mean. Our courts hold that you cannot show any relation of this prosecutrix with any-

body else. It is no defense. It should not be permitted to go into testimony in the case.

"By Mr. Wilson (for Defendant): Unless—if the state shows and proved a state of pregnancy as a part of their case—as corroboration.

"By the Court: No, that does not make any difference.

"By Mr. Wilson: Your Honor, we can show that the pregnancy could have been caused by some one else, as an offset to that corroboration. * * *

"By Mr. Gore (for the State): Your honor, pregnancy is only shown as a corroborative circumstance of intercourse.

"By Mr. Wilson: Yes, and we can show that it might have been caused by somebody else. The defendant at this time offers and desires to show by this witness— inasmuch as the state has already shown pregnancy as an element of their proof—the defendant desires to show, and offers to prove, that that pregnancy might have been caused by other parties than the defendant, in order to offset that corroborative circumstance which the state had already put in."

The court excluded the offer of proof, and exceptions were taken.

In a case of this kind, where by reason of age prosecutrix is incapable of giving her consent to sexual intercourse, it is generally immaterial that prosecutrix had intercourse with some other man. But where the state in its case in chief proves pregnancy in corroboration of the act of intercourse, then it is competent for the defendant to offer evidence that some other person, at about the time of the alleged offense, had intercourse with the prosecutrix for the purpose of rebutting the corroboration shown by the pregnancy. If, however, the fact of pregnancy is first brought out by the defendant on cross-examination or otherwise, he will not be permitted to then offer evidence of other acts of intercourse for the rebutting of the evidence

drawn out by himself. People v. Kilfoil, 27 Cal. App. 29, 148 P. 812.

The Supreme Court of Kansas lays down the extreme rule that, where pregnancy is proven, it is prejudicial error to deny the defendant the right to examine fully concerning the relation of prosecutrix with other men at about the time of her conception, although no distinct offer is made to show improper relations. State v. Gereke, 74 Kan. 196, 86 P. 160, 87 P. 759, citing in support of the rule 5th Cyc. 600, note 30. Maynard v. People, 135 Ill. 416, 25 N. E. 740.

We think, however, that the doctrine there announced is too broad, and that the right to cross-examine or to offer evidence should be limited to cases where the state proves pregnancy. The evidence of other acts of intercourse should be admitted only when they occurred at about the time of the conception, and for the sole purpose of rebutting the corroboration of pregnancy. The correct rule, we believe, is stated in the case of Fuller v. State, 23 Ariz. 489, 205 P. 324, as follows:

"Stated shortly and simply, he had a right to account for the result, i.e., the child, by showing that it was due to another cause, i. e., the sexual intercourse of another. His right to do this was coequal with the right of the state to support the allegation of rape by showing the outcome of the act. If appellant could show that he was not the father of the child directly charged to be his, it was most material to his defense, and he should be allowed to prove it by all relevant evidence. There is no dissent in the authorities from these propositions."

See, also, O'Chiato v. People, 73 Colo. 192, 214 P. 404.

There is nothing inconsistent with this view in the holding of this court in the case of Walker v. State, 8 Okla. Cr. 125, 126 P. 829. In that case error was predicated on the general question as to whether or not prosecutrix had had intercourse with any one else. The ques-

tion was not definite in time, and seemed to have been asked, not to rebut the corroboration of pregnancy, but to impeach the prosecutrix by proof of unchaste conduct, or general bad character, and for that purpose was clearly inadmissible. But the court said:

"We think the court properly sustained the objection to this question. If the question was definite in time or confined to about the time of the commission of the alleged crime, it might be competent cross-examination, in that the answer might tend to show that a man other than the defendant had sexual intercourse with the prosecutrix, and could have been the father of the child. Bice v. State, 37 Tex. Cr. R. 38, 38 S. W. 803; Knowles v. State, 44 Tex. Cr. R. 322, 72 S. W. 398; People v. Flaherty, 79 Hun, 48, 29 N. Y. Supp. 641."

In this case, while the question may not have fixed the time definitely, yet the offer of proof, as stated to the court, was intended to show that, at about the time of the conception, the prosecutrix had intercourse with other men, and her pregnancy was due to intercourse with some one other than the defendant, who could have been the father of the child. Under these circumstances and for this purpose, the evidence was competent, material, and relevant, and its exclusion was prejudicial error requiring a reversal.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.