## CRUMP v. STATE.

No. A-11773. May 27, 1953.

(257 P. 2d 1103.)

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant Roscoe Crump was charged by an information filed in the district court of Pontotoc county with the crime of rape in the second degree; was tried, convicted, and sentenced to serve four years in the penitentiary and has appealed.

No appearance was made on behalf of the accused at the time the case was assigned for oral argument and no brief has been filed. In such a situation, under Rule No. 9 of this court, 22 O.S.A. c. 15 Appendix, we examine the record for fundamental error, and if none is found, the judgment will be affirmed.

The accused was charged with committing the crime of rape on Barbara Jane Bandy, his 15-year-old stepdaughter. She testified that he had sexual relations with her on six different occasions, and she related in detail concerning the act relied upon by the prosecution to convict the accused. Dr. J. C. Canada made an examination of the prosecutrix and testified that from his examination he was of the opinion that she had been having sexual intercourse over a period of time.

The defendant specifically denied the accusations made against him. He was a farmer who lived about five miles from Ada and had been living there since 1910. Several of his neighbors testified to his good reputation. However, it developed that he had lived with the mother of the prosecutrix for two years before he had married her and during this period of time she had given birth to a child by him. The mother of the prosecutrix testified for the defendant that she did not believe anything unusual had occurred between them. In this connection, she testified, "I don't know nothing about nothing."

She further testified that she had five children. The oldest were Barbara Jane, the prosecutrix, and Joan, whose father's name was Bandy. The next two were Betty Lou and Jackie Lynn, and when asked their last name she responded, "Honest to God, I'm telling you the truth, I don't know, they just slipped up on me."

It was just such environment as this in which the prosecutrix lived, and we are convinced that the jury was justified from the evidence in finding the defendant guilty.

The story related by the prosecutrix was not so contradictory or unreasonable as to require corroboration, although the fact that she had had sexual relations with some one was corroborated by the testimony of the doctor.

We have found no fundamental or prejudicial error and the judgment is affirmed.

POWELL, P. J., and BRETT, J., concur.