Marcus L. GOODSON, Jr., Plaintiff in Error,

v.

STATE of Oklahoma, Defendant in Error.

No. A–12805.

Court of Criminal Appeals of Oklahoma.

March 2, 1960.

Rehearing Denied June 15, 1960.

Claud H. Smith, John C. Caldwell, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an appeal by Marcus L. Goodson, Jr., thirty six years of age, defendant below, from a judgment and sentence entered against him after conviction by a jury for the crime of first degree rape, 21 O.S.1951 §§ 1114, 1115, committed upon the person of Rose Ann Thomas, thirteen years of age, his stepdaughter. Upon said conviction the jury was unable to agree on the sen-

tence, leaving the penalty to the trial judge who fixed the same at thirty five years in the state penitentiary, and entered judgment accordingly.

■ The defendant asserts first that the entire record is subject to review. He cites Louis v. State, 92 Okl.Cr. 156, 222 P.2d 160, 161, holding in syllabus four:

"In prosecution for rape, appellate court will make careful examination of whole record to end that it may justify sentence imposed notwithstanding general rule that, where there is any evidence to support verdict or where evidence is conflicting, appellate court will not examine record to ascertain or determine weight of such evidence, and verdict approved by trial judge will be permitted to stand."

With this statement of the law we are in complete accord.

The defendant's second proposition is that the trial court erred in not sustaining his demurrer to the evidence and in overruling his motion for directed verdict for insufficiency of the state's evidence. The record discloses the mother of the prosecutrix was married to the defendant when the victim, Rose Ann Thomas, was about three and one-half years of age, and the three of them have lived together for approximately ten years. The record also shows they lived in a two room house near the Ben Franklin refinery in Ardmore, Oklahoma. The house was not modern and an oil lamp and Coleman lantern were used for light. The parties were so poor that they could or did not afford enough bed clothing for the father and mother and Rose Ann to sleep in separate beds in the winter time, so they slept together. The defendant admitted this arrangement existed in the winter. The defendant slept in the middle and the mother and victim slept on either side of him. The act of intercourse relied upon for this conviction occurred on or about October 27, 1958, when the mother had arisen early, dressed, and gone into the kitchen with the lamp to fix breakfast, leaving Rose Ann and the defendant in bed together in semi-darkness. The prosecutrix

related her stepfather, on this occasion, had intercourse with her from behind.

Rose Ann did not report this incident until her school principal, Mrs. Rowe, called her into her office relative to Rose Ann's increase in size, and it was there disclosed that Rose Ann was pregnant. Mrs. Rowe testified she told her that her stepfather was the responsible party. The child was then taken before County Judge Legate who caused a medical examination to be made and her condition was confirmed. Dr. John Adair testified Rose Ann's pregnancy was of about twenty one to twenty three weeks duration, which made the time of conception in the latter part of October, 1958. Mrs. Goodson testified that Rose Ann's last menstrual period ended about October 21, 1958.

■ Rose Ann testified the first act of intercourse between she and her stepfather occurred when she was seven years old. The act occurred, she said, when she was dismissed from school early while her mother was working in a laundry. Her stepfather, she said, threw her down on the bed and had sexual relations with her. Such acts occurred regularly since that time. The medical examination confirmed these acts had been of long duration. This evidence was admissible only to establish the relation between the parties, and was so limited in the instructions. Miller v. State, 94 Okl.Cr. 297, 235 P.2d 552.

■ The mother testified on some occasions it was necessary for her to go outside the house and get wood for the fire in the kitchen stove. The evidence discloses the arrangement of the house. The location of the kitchen stove in relation to the bed in the front room was such that the act complained of could have occurred as related. In other words, it was not incredible, improbable, or unreasonable that the act occurred as related by the prosecutrix. Moreover, the testimony of the prosecutrix was corroborated by the fact of pregnancy. Chandler v. State, 31 Okl.Cr. 26, 236 P. 917. The record further shows that the prosecutrix had been sheltered from boys

and never had an opportunity to go out or be with them. Her stepfather, it appears, told her she was not to have dates until she became eighteen years of age. She rode to and from school on the bus and was not then exposed.

In any event, the defendant's denial of the crime charged and testimony of an unreliable and improbable nature that she had been seen having intercourse with a certain school boy in the gymnasium at school presented a case for the determination of the jury on conflicting evidence. Moreover, even if she had been having relations with other parties, which the record presents as highly doubtful, such acts would not excuse the defendant for the act resulting in her pregnancy.

"In a case of this kind, where by reason of age prosecutrix is incapable of giving her consent to sexual intercourse, it is generally immaterial that prosecutrix had intercourse with some other man. But where the state in its case in chief proves pregnancy in corroboration of the act of intercourse, then it is competent for the defendant to offer evidence that some other person, at about the time of the alleged offense, had intercourse with the prosecutrix for the purpose of rebutting the corroboration shown by the pregnancy." Chandler v. State, supra [31 Okl. Cr. 26, 236 P. 918].

The evidence further shows the defendant had served two terms in the penitentiary for grand larceny. His testimony in this regard was evasive and affected his credibility as a witness.

The evidence was entirely sufficient to support the conviction of the defendant of the charge alleged in the information. Here, the prosecutrix is corroborated by the fact of pregnancy and the other circumstances of the relationship of the parties. In Gaines v. State, Okl.Cr., 267 P.2d 612, 614, we set forth the rule applicable herein as follows:

"Conviction for rape may be had on uncorroborated testimony of prosecu-

trix or on slight corroboration where the testimony is not inherently improbable or unworthy of credence. Lane v. State, 48 Okl.Cr. 84, 289 P. 357; Allen v. State, 35 Okl.Cr. 64, 248 P. 655; Dawes v. State, 34 Okl.Cr. 225, 246 P. 482; Harris v. State, 27 Okl.Cr. 405, 228 P. 525. The evidence presents no lack of probability, but a state of conflict. Under such cases, the Criminal Court of Appeals will not interfere with the verdict of the jury, even where there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Lutz v. State, 93 Okl.Cr. 293, 227 P.2d 692. It was not error for the trial court to refuse a directed verdict and to deny the defendant's motion for a new trial."

Morris v. State, 9 Okl.Cr. 241, 131 P. 731, 735; Fitzpatrick v. State, 87 Okl.Cr. 51, 194 P.2d 184. In Zuniga v. State, 96 Okl. Cr. 314, 254 P.2d 378, we said:

"Under the laws of this State, conviction for rape may be had on the uncorroborated testimony of the prosecutrix. Where her testimony is positive as to the acts charged, even though she did not report the acts until months later, where she was only fourteen years of age, her testimony may be held sufficient for the consideration of the jury."

Crump v. State, 97 Okl.Cr. 59, 257 P.2d 1103; Woolridge v. State, 97 Okl.Cr. 326, 263 P.2d 196.

For cases illustrative of facts warranting reversal because of the prosecutrix' story being inconsistent, contradictory, unreasonable, impeached, or improbable, see Self v. State, 62 Okl.Cr. 208, 70 P.2d 1083; and Foster v. State, Okl.Cr., 308 P.2d 661. We are not confronted with such a situation in the case at bar for here the prosecutrix' testimony is not contradictory, unreasonable, improbable, or impeached.

Other questions raised are not supported by authority and under this record are without merit. The judgment and sentence is accordingly affirmed.

NIX, J., concurs.

POWELL, P. J., not participating.