Ervin Melvin WALKER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–591.

Court of Criminal Appeals of Oklahoma.

May 8, 1978.

Clark L. Randall, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Charles S. Rogers, Legal Intern., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Ervin Melvin Walker, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–76–3128, for the offense of Rape in the First Degree, After Former Conviction of a Felony in violation of 21 O.S.1971, §§ 1111 and 1114. His punishment was fixed at fifty (50) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Joyce Walker testified that she was twelve years old and was the daughter of the defendant. On November 9, 1976, she returned home from school at about 3:00 p. m. The defendant sent her eleven-year-old brother, Ervin, outside. He came into her room, laid on top of her and "put his privacy in mine." [Tr. 16] That evening her mother took a sleeping pill and went to her room, and the defendant signaled her to come into the kitchen. He again laid down on top of her and the "same thing happened." [Tr. 17] The telephone rang just as her older brother walked into the house. The defendant jumped up and had a conversation with her brother. She told her mother about the incidents a few days later and was taken to the doctor. She testified that her father had been having sex with her since she was five years old.

Albert Lee Walker testified that on November 9, 1976, he returned home between 9:00 and 9:30 p. m. He observed the defendant lying on top of his sister having intercourse with her. He testified that he had known that his father had been molesting her since she was five years old. He did not tell anyone about it because of threats made to him by the defendant.

Dr. Stanley E. Grogg testified that he examined Joyce Walker on November 22, 1976. He determined that her hymen was not intact and that she had a venereal disease. He stated that his findings were consistent with her having engaged in sexual intercourse.

The defendant testified that he was thirty-four years old and was self-employed in the junk business. He admitted three prior convictions for Rape and one conviction for Burglary of an Automobile. He denied having intercourse with his daughter on the night in question, or at any other time. He testified that he had had discipline problems with her in the past and that his in-laws had turned his children against him.

The defendant asserts, in his first assignment of error, that he was prejudiced by improper cross-examination. The alleged improper cross-examination of the defendant appears in the record as follows, at page 76:

"Q. Did you know she was in the hospital when she was four years old?

"A. Yes, sir.

"Q. Do you know what for?

"A. Yes, sir.

"Q. And what for?

"A. Well, my understanding, she was in there because she hurt herself some kind of way.

"Q. She had a laceration of her vagina.

"A. Well I don't understand it.

"MR. RANDALL: Objection, Your Honor. That's—

"THE COURT: I'll overrule.

"Q. [By Mr. Musseman] What kind of hurt did you understand it to be?

"A. Well, I went out there to see her. I went out there to see her.

"Q. What kind of hurt did you understand it to be?

"A. Well, she was hurt within herself."

The defendant argues that this was a flagrant attempt by the prosecuting attorney to prejudice him in the eyes of the jury, and maintains that there was nothing in the record "which justified this kind of insinuation." We must disagree. The prosecutrix testified on cross-examination that she first told her mother about the defendant's actions after she got out of the hospital when she was five years old. She further testified on cross-examination that the only complication from the acts of intercourse was the one time she was taken to the hospital. Albert Walker testified that when his sister was four or five years old "I

saw when he did that to her and raped her and stuff, she was bleeding." [Tr. 32] He further testified on cross-examination that the defendant threatened him and made him tell the story "about pushing my little sister down on a bottle and pretending like that was what happened. But it didn't." We are of the opinion that the questions complained of, if error, were invited by the testimony previously elicited by defense counsel on cross-examination of the State's witnesses. This being true, we find this assignment of error to be without merit.

 The defendant contends, in the second assignment of error, that the evidence was insufficient to support the verdict of the jury. He argues that the testimony of the prosecutrix and of her brother was inherently incredible. We are of the opinion that this assignment of error is patently frivolous. The evidence of the prosecutrix was not contradictory, inconsistent or unreasonable, but to the contrary, was clear and convincing. Her testimony was corroborated not only by the testimony of her brother, but also by the testimony of Dr. Grogg. The cause was properly submitted to the jury under proper instructions and the jury saw fit to believe the testimony of the State's witnesses rather than the testimony of the defendant. See *Goodson v. State*, Okl.Cr., 354 P.2d 472 (1960); *Haga v. State*, Okl.Cr., 422 P.2d 221 (1966); and *Carpenter v. State*, Okl.Cr., 530 P.2d 1049 (1975).

The defendant alleges in the final assignment of error that the prosecuting attorney made improper remarks during closing argument that denied him a fair trial. The record reflects that the prosecuting attorney stated, at pages 98–99:

"And speaking of credibility, and I wrote this down because I couldn't believe it. He talked to you and said use these Judgments and Sentences, these former convictions that he talked about, to determine whether or not Mr. Walker is telling the truth, to judge his credibility. But don't convict him on it because he wouldn't do that to his daughter. These are different.

"Yeah, they're somebody else's daughter.

"MR. RANDALL: Your Honor, that's totally improper. Ask the jury be admonished to disregard that.

"THE COURT: The objection is overruled. Reasonable inferences may be drawn from the testimony.

* * *"

 We have consistently held that only where argument of the prosecuting attorney is grossly improper and unwarranted upon some point which may have affected the defendant's rights can a reversal be had on grounds of improper argument. See *Simmons v. State*, Okl.Cr., 549 P.2d 111 (1976) and *McMullen v. State*, Okl. Cr., 548 P.2d 652 (1976). We are of the opinion that the remarks of the prosecuting attorney were made in reply to and prompted by statements of defense counsel in closing argument and were not so grossly prejudicial so as to deprive the defendant of his substantial rights or to arouse the passion and prejudice of the jury to the extent that they would be swayed from arriving at a just verdict.

The judgment and sentence appealed from is, accordingly, *AFFIRMED*.

CORNISH and BRETT, JJ., concur.