JESSE BRENTON v. THE TERRITORY OF OKLAHOMA.

(Filed September 3, 1904.)

1. RAPE—Evidence—Corroboration of Prosecutrix. There is no statute in this Territory requiring the testimony of the prosecutrix in a trial for rape to be corroborated by the testimony of other witnesses, and a defendant charged may be convicted upon the uncorroborated evidence of the prosecutrix alone, provided such evidence satisfies the court and jury of the guilt of the defendant beyond a reasonable doubt. Sowers v. The Territory, 8 Okla. 436, overruled.

2. CRIMINAL PROCEDURE—General Rule Will Apply, When. Where the legislature has undertaken to regulate the procedure in

criminal cases and determine the character and quantity of proof necessary to sustain a conviction in a class of cases relating to a general subject-matter, and has applied no special rule to one of such class, the general rule will apply, and the process of judicial ingrafting is not permissible.

(Syllabus by the Court.)

*Error from the District Court of Woodward County; before J. L. Pancoast, Trial Judge.*

*Appleget & Houston,* for plaintiff in error.

*P. C. Simons, Attorney General,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This is a prosecution for the crime of statutory rape. The defendant, Jesse Brenton, was tried and convicted in the district court of Woodward county, and brings the case to this court for review.

. The first contention of counsel for plaintiff in error is that there was no evidence to show that the prosecutrix and defendant were not husband and wife at the time of the alleged offense. One of the material averments necessary to be proved by the Territory is that the prosecutrix was not the wife of the defendant. It is not necessary that such averment shall be proved by direct and positive testimony. Any facts and circumstances in evidence from which the jurors were satisfied beyond a reasonable doubt that she was not his wife were sufficient. While it is true that there is no direct evidence that she was not his wife on the day the offense was committed, there is evidence that she was unmarried in September thereafter, and there is evidence that the defendant was not married until in the month of August after the alleged offense. The facts and circum-

stances in evidence are amply sufficient to support the reasonable conclusion that they were not husband and wife, and to sustain the verdict of the jury and judgment of the court.

The next objection urged is that the court erred in giving instruction No. 8 on the subject of corroboration. It is contended that this instruction is too narrow, and limits the corroboration required to facts showing the commission of the offense, and that it invades the province of the jury, and decides upon the weight of the evidence. The instruction is as follows:

"8. The court instructs the jury that they cannot find the defendant guilty of the charge made in the indictment unless the testimony of the prosecutrix is corroborated by other testimony admitted upon the trial of the cause. The testimony required by law in corroboration must be of such character that, when standing alone and without the aid of the testimony of the prosecutrix, it tends to connect the defendant with the commission of the crime charged, and such testimony in corroboration must apply directly to the defendant, and not be of that character which may apply as well to any other man. Unless the evidence in corroboration is of such a character, then it is your duty to find the defendant not guilty. The testimony of the several witnesses who testified to admissions made by the defendant and the testimony of Charles Nisely as to the age of Mary Nisely, was intended to corroborate and was introduced for the purpose of corroborating the testimony of the prosecuting witness, and if you believe such testimony to be true, it would be a sufficient corroboration of the prosecuting witness, if, standing alone and without the aid of the testimony of the prosecuting witness, it tends to connect the defendant with the commission of the crime and tends to prove each material fact in the case testified to by her."

We do not think the instruction open to the objection urged against it  The most apt language is not used in stating the proposition contained in the instruction, and while in one part it might seem to trench upon the weight of the evidence, when taken as a whole the only reasonable interpretation to be given it is, that if the jury believe the evi‹ dence of the other  witnesses for the  prosecution, and if their evidence standing alone tends to connect the defend‐ ant with the crime charged, and to prove each material fact in the case testified to by the prosecutrix, it will constitute sufficient corroboration.  Or, in other words, the meaning is, that  the corroboration  required is sufficient if,  standing alone, the corroborating evidence tends to connect the de‐ fendant with the commission of the crime and tends to prove each material fact in the case testified to by the prosecutrix. This instruction is far more liberal and favorable to the de‐ fendant than he was entitled to, and the error, if any, is in his favor, and not available.  It is evidently based upon the case of *Sowers v. The Territory*, 6 Okla. 436, an opinion which only had the approval of two members of the court, and which is misleading and not supported by reason or authority.  In that case it was said that "Under the statutes of this Ter‐ ritory, where the accused avails himself of the right to testify, and clearly and explicitly denies the commission of the offense, there must be testimony corroborating that of the prose‐ cutrix to authorize a conviction."  This Territory has no statute prescribing such a rule in the trial of rape cases, and has never had such a statute.  The Justice who wrote the opinion in the Sowers case cites in support of this prop‐ osition the case of *Matthews v. State,* 19 Neb. 330, and stated

as a rule of law what has ordinarily been treated as a rule going alone to the weight of the evidence. While it may be said that ordinarily a conviction will not be sustained upon the uncorroborated evidence of the prosecutrix in such cases, yet this is a question to be determined upon the weight of the evidence and the credibility of the witnesses, and not to be laid down as a rule of law. An examination of our statutes leads to the concluusion that the legislature did not intend to adopt the rule stated in the Sowers case as applied to rape cases. This is clearly deducible from the fact that in the criminal procedure act the legislature has clearly expressed itself upon the subject of corroboration in the trial of criminal causes, and has not included this class of cases. By sec. 5497, Wilson's Stat. it is provided that a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense. But this provision has no application to a case of the character of the one under consideration. By sec. 5499, it is provided that "Upon a trial for inveigling, enticing or taking away an unmarried female of previous chaste character under the age of twenty-five years, for the purpose of prostitution, or aiding or assisting therein or for having under promise of marriage, seduced and had illicit connection with an unmarried female of previous chaste character the defendant cannot be convicted upon the testimony of the person injured, unless she is corroborated by other evidence tending to connect the defendant with the commission of the offense." Here it will be observed the legislature had under consideration the rule of evidence adopted in cases affecting the virtue and chastity of females, and

has required corroborating evidence in almost every character of case affecting such subject-matter, except that of rape.

Article 10, chap. 68, Wilson's Statutes, Okla., 1903, undertakes to prescribe such special rules relating to the character and quantity of the proof required as the legislature deemed necessary in the trial of criminal causes, and in the absence of any such special provision, the general rule prevails, that the jury are the sole judges of the sufficiency of the proof, and a conviction may be had upon the uncorroborated evidence of one witness. Where the legislature has undertaken by statute to regulate such matters, the process of judicial ingrafting should be rarely exercised. The rule of requiring the prosecutrix to be corroborated in rape cases is followed, it is believed, in but one state and one territory, except where adopted by statute, viz: Nebraska and New Mexico. With criminal procedure acts like ours, the states of California, Florida, North Dakota and Montana have held that such corroboration is not required, and the same is held by the courts of highest resort in Alabama, Arkansas, Arizona, Georgia, Illinois, Kentucky, Michigan, Minnesota, Missouri, Mississippi, Oregon, Pennsylvania, Texas, Utah, Virginia and Wyoming. Courts of last resort should be as ready to correct their own errors as they are that of inferior courts, and, believing that the rule as enunciated in *Sowers v. The Territory, supra* is not the law said case is overruled.

It follows that the instruction given was more favorable to the defendant than the law authorized.

The next objection argued is that instruction No. 6 is erroneous for the reason that it assumes certain facts.

We do not think the instruction subject to the objection urged. The instructions offered and refused are fully covered by the instructions given.

The evidence is in our judgment sufficient as a whole to support the verdict. The judgment is affirmed, with directions to the court below to proceed at once to execute the judgment.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.