RAY REEVES v. TERRITORY.

No. 78. Opinion Filed May 19, 1909.

(101 Pac. 1039.)

1.   COURTS—Territorial Courts—Admission as State—Transfer of Causes. Section 19, of the Enabling Act (Act Cong. June 16, 1906, 34 Stat. 277, c. 3335), and section 3 of the amendments to the Enabling Act (Act March 4, 1907, 34 Stat. 1287, c. 2911) in connection with section 497, Bunn's Const. Okla., are self-executing, and together transferred all cases pending in all courts of original jurisdiction in Oklahoma Territory and in Indian Territory to similar courts of original jurisdiction of the state.

2.   INDICTMENT AND INFORMATION—Transfer from Territorial Courts—Form. It is not necessary for indictments or informations transferred from territorial courts to state courts to show upon their faces that they are prosecuted in the name and by the authority of the state of Oklahoma or to conclude "against the peace and dignity of the state."

3.   APPEAL—Questions Not Presented in Briefs—Harmless Error. (a) Questions not fully presented in the briefs of counsel will not be considered upon appeal, unless they relate to fundamental matters. (b) It is the duty of counsel upon appeal to this court, who complain of errors in the proceedings of trial courts, to place their fingers upon the place that hurts, and clearly point out the errors complained of. (c) We are prohibited by statute from reversing a conviction upon any technicality or exception which does not affect the substantial rights of a defendant. It is not enough to show that an error has been committed, but the complaining party must go further and show

that such error did injuriously affect some of his substantial rights. If this is not done, a conviction will not be reversed.

4.    RAPE—Evidence. For facts which did not make it proper for the defendant to introduce testimony as to his engagement to marry another girl than the prosecutrix, see opinion.

5.    INSTRUCTIONS—Reasonable Doubt. An instruction upon reasonable doubt substantially in the language of the statute is all that the court is required to give upon this subject. It is not necessary to go further and define the meaning of the words.

6.    RAPE—Necessity of Corroboration—Evidence. In prosecutions for rape, the court should not instruct the jury that the defendant cannot be convicted unless the testimony of the prosecutrix is corroborated. The want of such corroboration goes only to the weight and credibility of her testimony.

(Syllabus by the Court.)

*Appeal from District Court, Greer County; G. A. Brown, Judge.*

Ray Reeves was convicted of rape and he appeals. Affirmed.

See, also, *Reeves v. Territory, ante,* p. 82, 99 Pac. 1021.

*B. F. Van Dyke, S. B. Garrett* and *J. L. Carpenter,* for appellant.

*Charles West,* Atty Gen., and *E. G. Spilman,* Asst. Atty. Gen., for the Territory.

No copies of briefs reached the reporter.

FURMAN, PRESIDING JUDGE. First. Upon the trial of this case the defendant assailed the jurisdiction of the district court of Greer county upon the ground that this case was pending in a territorial court, which, on November 16, 1907, ceased to exist as a court. Counsel in their brief say: "Can the new district court, without some act transferring this case out of the old, dead court, and into the new, living court, acquire jurisdiction? We think not." The contention is that there was no transfer of the case from the territorial court to the state court. The answer to this contention is found in sections 19 and 20 of the Enabling Act (Act Cong. June 16, 1906, 34 St. 277, c. 3335), and the acceptance by the state of the provisions of the Enabling Act. Section 19 of the Enabling Act is as follows:

"That the courts of original jurisdiction of such state shall be deemed to be the successors of all courts of original jurisdiction of said territories and as such shall take and retain custody of all records, dockets, journals, and files of such courts except in causes transferred therefrom, as herein provided; the files and papers in such transferred cases shall be transferred to the proper United States Circuit or District Court, together with a transcript of all book entries to complete the record in such particular case so transferred."

Section 20 of the amendments to the Enabling Act is as follows:

"That all causes, proceedings, and matters, civil or criminal, pending in the District Courts of Oklahoma Territory, or in the United States courts in the Indian Territory, at the time said territories become a state, not transferred to the United States Circuit or District Courts in the state of Oklahoma, shall be proceeded with, held, and determined by the courts of said state, the successors of said District Courts of the territory of Oklahoma, and the United States courts in the Indian Territory; with the right to prosecute appeals or writs of error to the supreme or appellate court of said state, and also with the same right to prosecute appeals or writs of error from the final determination in such cases made by the supreme or appellate court of such state to the Supreme Court of the United States, as is provided by law for appeals and writs of error from the supreme or final appellate court of a state to the Supreme Court of the United States. All criminal cases pending in the United States courts in the Indian Terriory, not transferred to the United States Circuit or District Courts in the state of Oklahoma, shall be prosecuted to a final determination in the state courts of Oklahoma under the laws now in force in that territory." (Act Cong. March 4, 1907, 34 Stat. 1287, c. 2911, § 3.)

The provisions of the Enabling Act were accepted by the constitutional convention.

"Sec. 497. Enabling Act Accepted by Ordinance Irrevocable. Be it ordained by the constitutional convention for the proposed state of Oklahoma, that said constitutional convention do, by this ordinance irrevocable, accept the terms and conditions of an act of the Congress of the United States, entitled, 'An act to enable the people of Oklahoma and the Indian Territory to form a Con-

2 Cr.—23

stitutiion and state government and be admitted into the Union on an equal footing with the original states; and to enable the people of New Mexico and of Arizona to form a Constitution and state government and be admitted into the Union on an equal footing with the original states,' approved June the sixteenth, Anno Domini, nineteen hundred and six." (Section 497, Bunn's Const. Okla.)

Here two sovereignties have reached an agreement—one transfers, and the other accepts, jurisdiction to try a certain class of cases. No machinery of transfer was necessary, and, indeed, we do not see how it could have been created. The territorial courts could not transfer cases to the state courts before the creation of the state, because there were no state courts then in existence and no one knew that they would, as a matter of fact, be in existence. The transfer could not have been made after statehood, because the territorial courts passed out of existence the very moment the state' courts were created. So the transfer was made by operation of law, under the provisions of the Enabling Act, which were accepted by the new sovereignty, as soon as such provisions became operative. So there was no error in the ruling of the court upon this question.

Second. Defendant assailed the indictment in this case upon the ground that upon its face it showed that it was not prosecuted in the name and by the authority of the state of Oklahoma, but that it was prosecuted in the name and by the authority of the United States, and further, that the indictment did not conclude "against the peace and dignity of the state," as our Constitution requires in all cases for the violation of state laws. There is nothing in this contention on account of the provisions hereinbefore quoted. They are special provisions of the Enabling Act and the constitutional convention. This case was prosecuted under and by authority of the state of Oklahoma, and was against the peace and dignity of the state by virtue of these provisions. Special provisions control general laws upon any given subject. It will be observed that the latter part of section 20 of the amendment to the Enabling Act hereinbefore quoted, and which has been

accepted by the state, provides that "all criminal cases pending in the United States courts in the Indian Territory, not transferred to the United States Circuit or District Courts in the state of Oklahoma, shall be prosecuted to a final determination in the state courts of Oklahoma under the laws now in force in that territory." This conclusively destroys the contention of counsel for the defendant upon this question. Therefore there was no error in the ruling of the court in holding that the indictment was sufficient and that the court had jurisdiction of the case.

Third. Counsel for the defendant in their brief say:

"The trial court erred in the admission of evidence objected to by the defendant and duly excepted to at the time. The record discloses numerous objections made by defendant to the admissibility of testimony, which were by the court overruled and excepted to by the defendant. It would render this brief too voluminous to mention in detail all of these errors and objections. We do not, however, waive them in not specifically pointing them out and discussing the same. We ask the court to reverse and dismiss, or reverse and remand, for errors committed by the court in the admission of evidence objected to and duly excepted to by the defendant."

This court has time and again declared that questions not fully presented in the briefs of counsel will be treated as having been waived, and will not be considered by this court unless they relate to fundamental matters. We, therefore, decline to go into matters so indefinitely referred to. It is the duty of counsel who complain of errors in the proceedings in trial courts of general jurisdiction to place their fingers upon the place that hurts and clearly point out the error and give this court the benefit of their views and of the authorities upon which they rely. We have read the record through, and, if any errors were committed coming under the general statement contained in the brief, they are not of such a character as would authorize this court to disturb the verdict of the jury and the judgment of the court. We are prohibited by statute from reversing a conviction upon any technicality or exception which does not affect the substantial rights of a defendant. This is a wise and wholesome provision of law, and we

will follow it strictly. It is not enough to show that an error has been committed, but the complaining party must go further and show that such error did injuriously affect some of his substantial rights. If this is not done, this court will not reverse a conviction.

Fourth. Counsel for the defendant further complains as follows:

"The trial court erred in the exclusion of evidence over the objection of the defendant, which was duly excepted to at the time."

"Error No. 1. Third Proposition. The court excluded the following testimony: On page 92 of the transcript this question was asked the defendant while on the witness stand as a witness in his own behalf: Q. 'Were you visiting any of the girls there in the community?' A. 'Yes, sir.' Q. 'What other girls?' (Objected to as irrelevant, incompetent, and immaterial. Sustained. Defendant excepts.) Q. 'Was it reported there in the neighborhood at the time you first heard of this complaint that you were to get married?' (Objected to as leading and suggestive. Sustained. Defendant excepts.) (The jury retires, and this evidense is taken *ex parte*.) Q. 'Answer the question.' A. 'Well, not right at the time.' Q. 'At the time of the prosecution, had you at the time of the prosecution, the commencement of this prosecution in August, had you then become engaged to another girl there?' A. 'Yes, sir. Q. 'What was her name?' A. 'Bertie Fewell.' Q. 'Was it commonly known in the neighborhood that you were paying your respects to this young lady, and that you were engaged?' A. 'It was not commonly known that we were engaged, but she was the only girl I was waiting on.' (Objection interposed by the state is again urged. Objection is sustained, defendant excepts.)"

The contention of counsel is that this evidence should have been admitted for the purpose of showing the motive of the prosecuting witness and thereby affecting the credibility of her evidence. For this purpose it would have been permissible to interrogate the prosecuting witness as to her feelings toward the defendant, and as to the part, if any, which she took in the institution of this prosecution. The defendant did not claim that the prosecut-

ing witness knew of the engagement which · he offered to prove. There is no evidence in the record that the prosecuting witness instituted this prosecution. On the contrary, the record shows that she had not voluntarily taken part in the prosecution. Her parents learned of this matter from a neighbor, and, when they questioned her about it, she told what had occurred, and then they caused the prosecution to be instituted. We can see no possible connection between the evidence offered and excluded and the substantial merits of this case, except pure conjecture. The refusal of the court to permit the introduction of the offered evidence did not deprive the defendant of any substantial right, and no error was committed in the ruling complained of.

Fifth. Defendant complains that the court did not define reasonable doubt. The instruction of the court was substantially in the language of the statute upon that subject. This is all that the court is required to give. It is a dangerous thing for a court to attempt to go further than charge as the statute requires. This court has repeatedly passed upon this question. In *Price v. State,* 1 Okla. Cr. 358, 98 Pac. 447, we said:

"The words 'reasonable doubt' in our statute are used in their ordinary sense in common acceptance among the people. An instruction in the language of the statute is sufficient, and is by far the safest course to pursue. Any effort to elucidate the meaning of the words 'reasonable doubt' is dangerous, as will be found from an examination of the decided cases."

In the case of *Douglas v. Territory,* 1 Okla. Cr. 583, 98 Pac. 1023, this court said:

"The phrase 'reasonable doubt' is not a technical term. It is generally understood in the common affairs of life, and needs no explanation from the court in instructing the jury. The court, having given the instruction directed by the statute, did not err in refusing to give the instructions requested by the defendant."

The reasons for and authorities supporting our views upon this question will be found in the cases above cited, and may be accepted as the settled policy of this court. We entertain a reasonable doubt as to whether any instruction can be given which will make the

meaning of the term "reasonable doubt" any clearer to a jury than it would be without such instruction. We, therefore, advise trial courts to give the instruction in the language of the statute, and stop there. Any attempted explanation is dangerous. An examination of the reported cases will show many reversals solely on account of such attempts.

Sixth. The defendant requested the court to instruct the jury that they could not convict him upon the testimony of the prosecutrix unless it was corroborated. This the court refused to do. To this the defendant reserved an exception. This action of the court meets with our entire approval. Our views are fully expressed by Judge Burford in *Brenton v. Territory,* 15 Okla. 10, 78 Pac. 84. The court said:

"While it may be said that ordinarily a conviction will not be sustained upon the uncorroborated evidence of the prosecutrix in such cases, yet this is a question to be determined upon the weight of the evidence and the credibility of the witnesses, and not to be laid down as a rule of law."

The jury in this case saw and heard the witnesses and found the defendant guilty. The trial judge also saw and heard the witnesses. He approved the verdict. While we are not bound by this, yet it is strongly persuasive to our minds. The defendant did not assign as error in this court the insufficiency of the evidence to sustain the verdict. No such question is presented to this court, neither was it even hinted at in the brief. The defendant seeks a reversal upon the bold proposition that there cannot be a conviction of rape in any case unless the testimony of the prosecutrix is corroborated. To this we cannot assent. This question was passed upon by the Court of Appeals of Texas, when it was composed of John P. White, James H. Hurt, and Samuel A. Wilson, three of the best, most learned, and greatest judges of criminal law that this or any other country has ever produced. The state was represented by John D. Templeton and James H. Burts, who were both eminent lawyers. The defendant was represented by able and distinguished counsel. So we have every assurance

that the question was thoroughly presented on both sides. The court said:

"This appeal is from a conviction of rape, founded upon the uncorroborated testimony of the injured female, a girl between the ages of nine and ten years. In some states the uncorroborated testimony of the ravished female is not considered sufficient to sustain a conviction. In Iowa it is so provided by statute. *State v. McLaughlin,* 44 Iowa, 82. In California in the Supreme Court holds that no rape case should ever go to the jury on the sole testimony of the prosecutrix, unsustained by facts and circumstances, without the court warning them of the danger of conviction on such testimony. *People v. Benson,* 6 Cal. 221, 65 Am. Dec. 506; *People v. Hamilton,* 46 Cal. 540; *People v. Ardaga,* 51 Cal. 371. But the general rule is that laid down by Lord Hale, which is as follows: 'The party ravished may give evidence upon oath, and is in law a competent witness; but the credibility of her evidence, and how far she is to be believed, must be left to the jury, and is more or less credible according to the circumstances of fact that may occur in that testimony.' Lord Hale, P. C. 633-635; 1 East's P. C. 445; 1 Russ. on Crimes (9th Ed.) 921; 3 Greenl. on Ev. § 212; Roscoe's Cr. Ev. 808; 1 Whart. Cr. L. § 565; 2 Bish. Cr. Pr. § 961 et seq. This is the rule adopted in our state. *Topolanck v. State,* 40 Tex. 160; *Goss v. State,* 40 Tex. 520. And there may be a conviction for this offense even upon uncorroborated testimony of the injured female, although she be a child under the age of ten years. 2 Bish. Cr. Law, § 968; 1 Russ. on Crimes (9th Ed.) 931." (*Gazley v. State,* 17 Tex. App. 277.)

Mr. Wigmore, who is probably one of the most profound writers of ancient or modern times upon the philosophy of the law, in his great work on Evidence, vol. 2, § 2060, unqualifiedly states that "the woman is not an accomplice in rape, rape under age, seduction, or abortion." In section 2061, same volume, he says:

"Section 2061. Uncorroborated Complainant in Rape, Seduction, Enticement, Bastardy, Breach of Marriage Promise, and the like. At common law, the testimony of the prosecutrix or injured person, in the trial of offenses against the chastity of women, was alone sufficient evidence to support a conviction; neither a second witness nor corroborating circumstances were necessary."

This is not only the rule of the common law, but is also the

law in the United States, except when changed by statute. It is true that there are some decisions based upon special statutes which hold that corroboration of the prosecutrix is necessary, but, in the absence of such a statute in this state, we could not agree to establish a rule so repugnant to justice, constituting such a shame upon our civilization; so insulting to decency and so pregnant with danger to weakness and virtue. The following authorities fully sustain our position:

In *Boddie v. State*, 52 Ala. 395, upon this very question, the court said:

"No principle of law forbids a conviction on her uncorroborated testimony, though she be wanting in chastity, if the jury are satisfied of its truth."

In *Barnell v. State*, 83 Ala. 45, 3 South. 615, the same court said:

"There is no rule of law which forbids a jury to convict one charged with this crime on the uncorroborated testimony of the prosecutrix. * * * If this were not so, one of the most detestable and atrocious of all crimes known to the law might often go unpunished, as the perpetrators of this offense almost invariably seek to carry out their purpose when the victim is alone and unprotected. It is manifest upon this principle that the seventh charge was properly refused which advised the jury not to convict unless the testimony of the prosecuting witness was corroborated."

In *Cursby v. Territory*, 4 Ariz. 371, 42 Pac. 954, the Supreme Court of Arizona held that "a conviction for rape may be had upon the uncorroborated testimony of the victim."

In *People v. Fleming*, 94 Cal. 310, 29 Pac. 647, the court said:

"The testimony, as disclosed by the record, upon salient matters pertaining to the commission of the offense, consists of the evidence of the prosecuting witness alone. Still, if her evidence was sufficient to prove the crime and the jury gave credence to it, the verdict should be upheld."

In *Doyle v. State*, 39 Fla. 162, 22 South. 274, 63 Am. St. Rep. 159, the court said:

"The weight of authority and better reason, in the absence

of a statute, is that there is no law limiting the powers of the jury to convict on the uncorroborated testimony of the prosecutrix."

In *Monroe v. State,* 71 Miss. 198, 13 South. 884, the court said:

"Conviction of this detestable crime may be had on the uncorroborated testimony of the person raped."

In *State v. Dusenberry,* 112 Mo. 292, 20 S. W. 465, the court said:

"It is not true that a party cannot be convicted on the uncorroborated testimony of an accomplice."

In *State v. Marcks,* 140 Mo. 656, 41 S. W. 973, 43 S. W. 1095, it is also held that a defendant may be convicted of rape upon the uncorroborated testimony of the prosecutrix.

In *Fulcher v. State,* 32 Tex. Cr. R. 621, 25 S. W. 625, the defendant requested the court to instruct the jury that they could not convict the defendant of rape unless her evidence was corroborated. This the court refused to do. The court, in sustaining the conviction, said:

"In this there was no error. * * * This goes, when the question is raised, only to the weight of the evidence. It is not a question of law, but pertains to the effect of the evidence."

In *Lanphere v. State,* 114 Wis. 193, 89 N. W. 128, the court held that:

"The uncorroborated testimony of the prosecutrix may be sufficient to sustain a conviction of rape, especially if she is under the age of consent."

In *Tway v. State,* 7 Wyo. 74, 50 Pac. 188, the court held that there is no rule of law which forbids a jury to convict a defendant of rape upon the uncorroborated testimony of an accomplice, but that the court, if not satisfied with the verdict, can set it aside.

We could cite numerous other cases to the same effect.

While the court should not instruct the jury that it is necessary to corroborate the testimony of the prosecutrix in order to convict a defendant of rape, yet the want of such corroboration should be considered by the court, in connection with all the facts

and circumstances of the case, either in advising the jury to acquit the defendant, or in considering a motion for a new· trial. This was probably done by the able and just judge who presided during the trial of this case, and we find nothing in the record to cause us to believe that he abused this discretion. We approve and reaffirm the opinion of Judge Burford in *Brenton v. Territory,* 15 Okla. 6, 78 Pac. 83. Having held this decision up and gone over the entire question with the greatest care in order that we might arrive at a mature and correct decision, we announce that so far as this court is concerned we will now regard this as· not being an open question in Oklahoma.

Finding no material error in the record, the judgment of the trial court is in all things affirmed.

BAKER and DOYLE, JUDGES, concur.