## Ex parte H. C. LEDINGTON.

No. A-3866—Opinion Filed Oct. 13, 1920.

(192 Pac. 595.)

(Syllabus.)

1.    **HABEAS CORPUS—Application for Bail—Burden of Proof.**
Under Const. art. 2, § 8, providing that: "All persons shall be
bailable by sufficient sureties, except for capital offenses when
the proof of guilt is evident, or the presumption thereof is
great." Upon an application for bail by writ of **habeas corpus**,
after commitment for a capital offense by a committing mag-
istrate, the burden is upon the petitioner to show that he is
illegally deprived of his liberty.

2.    **HABEAS CORPUS—Right to Bail—Rape.** Petitioner charged
with rape in the first degree was held and committed without
bail on the preliminary examination. Evidence reviewed, and
held sufficient to show that petitioner is entitled to be admitted
to bail as a matter of right.

Petition of H. C. Ledington for writ of *habeas corpus*
to obtain his release on bail.   Bail allowed.

*Bert Van Leuven* and *J. I. Howard,* for petitioner.

The Attorney General, *W. C. Hall,* Asst. Atty. Gen.,
and *C. F. Gowdy,* Co. Atty., for the State.

DOYLE, P. J.   In this proceeding H. C. Ledington has
filed a petition for writ of *habeas corpus* to obtain his re-
lease on bail pending the final hearing and determination
of a charge of rape in the first degree, wherein upon his
preliminary examination he was held to answer in the dis-
trict court of Nowata county for the crime of rape, alleged
to have been committed in said county on or about the 16th
day of September, 1920, upon one Edith Mendel, a female
child under the age of 14 years.   Petitioner avers that he

is now unlawfully imprisoned and restrained in the county jail of Nowata county by Wm. F. Gillespey, sheriff of said county, in that he is not guilty of the crime of rape and that the proof of his guilt of the charge of rape is not evident nor the presumption thereof great, that therefore petitioner is entitled to be let to bail pending his trial on said charge.

Attached to said petition and made a part thereof is a duly certified transcript of the testimony taken upon the preliminary examination, together with the affidavits of eight citizens of Nowata county, including the affidavit of respondent, to the effect that they know the general reputation of said petitioner as to being a good and law-abiding citizen and his reputation for truth and veracity and moral character and that such reputation and character is good.

It is also shown that on *habeas corpus* proceeding the district judge of said county denied bail, and remanded petitioner to the custody of said sheriff.

The evidence shows that petitioner, a man about 36 years of age, has been for many years a resident of Nowata county, and resides with his family in the city of Nowata; that he is the owner of a farm in said county, on which reside the parents of the prosecutrix and their children; that their daughter, Edith, is 11 years old; that owing to poor crop prospects they intended to remove in October to Missouri; and there has been some disagreement between them and petitioner about the amount due to them for his board, as he was accustomed to frequently visit the farm, and at such times boarded with them.

The testimony of Edith Mendel was, in substance, that on the day in question her mother had gone to town; her father was working in the field, and her brother, 13 years

of age, and one or two younger children and petitioner were the only persons at the house; that he sent her brother to pick peas, and asked her if she would like to have another car talk, and said he was going upstairs to lay on the bed, and she could come up there; that he went upstairs and she followed him; that he took off her drawers and laid her on the bed and put his "thing" in the lips of her privates; and she scooted out from under him and put on her drawers and went downstairs; that he came down and said to her "You are not mad; you only think you are;" that she then turned the grindstone for him while he sharpened a scythe; that a few days before this she was sitting with him in his car, and petitioner put his hand up under her clothes and felt of her person; that she told her elder brother about her abuse by petitioner, and asked him to tell their mother about it.

Petitioner, as a witness in his own behalf on the preliminary examination, denied all the facts of an inculpatory nature in the foregoing statement.

Upon the hearing it was the contention on the part of petitioner that he was entitled to bail as a matter of right upon the testimony taken upon his preliminary examination, for the reason that the proof of his guilt is not evident, nor the presumption thereof great. Our Bill of Rights provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great." Const. art. 2, § 8.

Under the provisions of the Penal Code, rape committed by a male over 18 years of age, upon a female under the age of 14 years, is rape in the first degree, and the pun-

ishment may be death. Section 2418, Rev. Laws 1910. "Any sexual penetration, however slight, is sufficient to complete the crime." Section 2416, Rev. Laws 1910. However, there must be proof of some degree of entrance of the female organ, and the practice seems to be not to permit conviction in those cases in which it is alleged violence was done, without medical proof of the fact, whenever such proof is attainable. *Walker v. State*, 12 Okla. Cr. 179, 153 Pac. 209.

While the uncorroborated testimony of the prosecutrix may be sufficient to justify a conviction for rape under our statutes, in order to do so her testimony should stand unimpeached. *Wines v. State*, 7 Okla. Cr. 450, 124 Pac. 466. Assuming, but not deciding that the testimony of the prosecutrix is sufficient to show penetration, against it is the testimony of the defendant, wherein he denied his guilt, and impeaching testimony tending to show that the prosecutrix had made statements, relevant to the issues out of court contrary to what she testified to at the preliminary examination, also proof of the defendant's good moral character, and that his reputation for truth and veracity was good, and the legal presumption of innocence is in his favor that he did not commit the act. It follows that the proof of his guilt is not evident, nor the presumption thereof great, and that he is entitled to be admitted to bail as a matter of right.

It is therefore ordered and adjudged that petitioner, H. C. Ledington, be, and he is hereby admitted to bail upon the charge of rape now pending against him in the district court of Nowata county, and that his bail be, and the same is hereby fixed at the sum of $15,000, and that he be released from custody upon his executing and causing to be

filed and approved by the court clerk of Nowata county a good and sufficient bond in said sum, conditioned as required by law.

. ARMSTRONG and MATSON, JJ., concur.