## LEVI ROBERTS v. STATE.

No. A-4835.    Opinion Filed June 27, 1925.
(237 Pac. 148.)

James A. Embry, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J. This is a companion case with Reed v. State, No. A-4870, 32 Okla. Cr. ......, 240 P. 132. The two cases, so far as the state is concerned, are predicated upon the same state of facts, and substantially the same evidence. The assignments of error all go to the sufficiency of the evidence to sustain the verdict. The plaintiff in error here was a white man, living with two daughters, the elder one of whom is the prosecuting witness. He was engaged in the illicit making of whisky and had assisting him one William Reed, a negro, plaintiff in error in No. A-4870. The charge upon which he was convicted is for an alleged act of intercourse between the negro and the elder daughter, then 16 years of age, on compulsion of the plaintiff in error. It is not contended that the evidence is not sufficient upon the face of it, but it is contended that the evidence is unbelievable and improbable, and that other contradictions reduce its probative effect. Holdings of this court, upon the sufficiency of the evidence to sustain a conviction for rape, are cited in the following cases: Morris v. State, 9 Okla. Cr. 241, 131 P. 731; Allen v. State, 10 Okla. Cr. 55, 134 P. 91; Ex parte Ledington, 18 Okla. Cr. 53, 192 P. 595; Douglas v. State, 19 Okla. Cr. 257, 199 P. 927; Ferbrache v. State, 21 Okla. Cr. 256, 206 P. 617.

From these cases, and from other holdings of this court, it is settled law that a conviction for rape may be had upon the uncorroborated evidence of the prosecutrix. But where her evidence is contradictory or inherently improbable, or where she is successfully impeached, her testimony standing alone is insufficient to warrant a conviction. The sufficiency of evidence in cases of rape is often a difficult question, since, as Lord Hale suggested, it is a charge easy to make and difficult to defend against. But, on the other hand, if a denial of a defendant shall prevail over the testimony of a victim, the guilty may often go free, for in many instances it is impossible to procure testimony to

corroborate a prosecutrix. See Johnson v. State, 5 Okla. Cr. 1, 112 P. 760; Reeves v. Territory, 2 Okla. Cr. 351, 101 P. 1039.

The evidence in this case, it is true, is hard to believe, because of the shocking depravity shown by it. The defendant is evidently of very low type, an ex-convict, engaged in violating the law and, from the evidence, in a drunken and belligerent mood when the crime was committed. The prosecutrix, while only 16 years of age, was also a victim of her surroundings and had given birth to a bastard child.

The prosecutrix testified fully, and was vigorously cross-examined, and while there are some features of her testimony which were contradictory, yet on the main points tending to prove the offense she was not shaken. There were several witnesses, whose testimony tended to corroborate her, and while the defendant denied his guilt, we are not able to say that the prosecuting witness was successfully impeached. The jury heard the evidence, saw the witnesses, and realized the consequences of their verdict. They were fairly instructed upon the law, and it was their province to determine the question of fact, and to return a verdict of guilty, only if convinced beyond a reasonable doubt of the guilt of the defendant. It is advanced as an argument that the jury must have doubted the guilt of the defendant, since the punishment is fixed at 15 years, the minimum provided by law for first degree rape. But we think this does not follow, but that the jury, in fixing the punishment, considered rather the depravity and low place in the social scale of all the parties. This is not a case falling within any of the exceptions wherein a conviction for rape may not be had on the evidence of the prosecutrix. The testimony establishes the guilt of the defendant. He was fairly tried, and the verdict will not be disturbed.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.