## G. B. ALLEN v. STATE.

No. A-6032.   Opinion Filed Aug. 21, 1926.
(248 Pac. 655.)

Whiteside & Snodgrass, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

BESSEY, P. J. The plaintiff in error, here referred to as the defendant, was, on the 23d day of September, 1925, in the district court of Jackson county, convicted of rape in the first degree, with his punishment fixed by a jury at confinement in the penitentiary for 15 years.

The defendant, a divorced negro farmer, married a woman who was the mother of a daughter named Zula Sanders, the prosecutrix in this case. At the time of the commission of the alleged offense herein involved this girl was 14 years old. She testified that she had sexual intercourse with her stepfather, the defendant, on March 10, 1925, and on divers occasions prior thereto. No evidence was offered to corroborate her testimony, except the fact that her appearance indicated that at the time of the trial she was in an advanced stage of pregnancy.

The defendant denied the accusation. He admitted that the prosecutrix was pregnant, but stated that she had told him that a negro, "Pullin Slim," was responsible for her condition. He stated to the sheriff of Jackson county that "Pullin Slim" was the man. On rebuttal the prosecutrix said that she had accused "Pullin Slim" because her stepfather told her to do so. Defendant further testified in his own behalf that his wife had become vexed with him over business affairs and that he had had a conversation with her, in which she made veiled threats that she would punish the defendant. The defendant testified to this conversation with his wife in detail, for the purpose of showing that the prosecution was maliciously "framed" by his wife. In rebuttal the wife, over the objections of the defendant, was permitted to testify that she had had no such conversation,

and was permitted to state just what was said on the occasion referred to.

The defendant urges, first, that the evidence is insufficient to support the verdict. The story told by the girl is not so inherently improbable as to require definite corroboration. In this state it is not necessary, as a matter of law, that the testimony of the prosecutrix in a rape case be corroborated; and this is true even in cases where the accused specifically denies the sexual act. Brenton v. Ter., 15 Okla. 6, 78 P. 83; Reeves v. Ter., 2 Okla. Cr. 351, 101 P. 1039; Morris v. State, 9 Okla. Cr. 241, 131 P. 731; Roberts v. State, 31 Okla. Cr. 103, 237 P. 148.

It is next contended that the court erred in permitting the wife of the defendant to testify in rebuttal to testimoy introduced by the husband. Section 2699, Comp. Stat. 1921, provides:

"Except as otherwise provided in this and the following chapter, the rules of evidence in civil cases are applicable also in criminal cases; Provided, however, that neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, but they may in all criminal cases be witnesses for each other, and shall be subject to cross-examination as other witnesses, and shall in no event on a criminal trial be permitted to disclose communications made by one to the other except on a trial of an offense committed by one against the other."

It has been held by this court that the commission of rape on a daughter or stepdaughter is not a crime committed against the wife, within the meaning of this statute, and, ordinarily, in such a case the wife is incompetent to testify against her husband. Cargill v. State, 25 Okla. Cr. 314, 220 P. 64. But the privilege of a husband charged with rape to have the testimony of his wife excluded is a privilege or right which may

be waived. Wigmore on Evidence, § 2242; notes, Ann. Cas. 1913A, 31. And the right to have the wife's testimony excluded is waived where the husband takes the stand and testifies to conversations had with his wife pertinent to the issue. The state may then cross-examine the defendant witness concerning such conversations and may use the wife as a rebuttal witness. The right to controvert competent evidence by cross-examination or in rebuttal is a right which cannot be abridged, within the scope of the original inquiry. 40 Cyc. 2473 et seq.; 7 Words and Phrases, p. 5987; 4 Words and Phrases, Second Series. p. 197.

If the defendant wished to avail himself of the benefits of a privileged communication, he should himself have refrained from opening up the subject of that privilege. It would be contrary to reason and authority to permit one to waive such privilege and later avail himself of the privilege by objecting to a fuller development of the facts on rebuttal.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.