## J. G. COWAN v. STATE.

No. A-6521.   Opinion Filed April 6, 1929.
(275 Pac. 1070.)

Seymour Foose, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Blaine county of the crime of grand larceny, and his punishment fixed at imprisonment in the state penitentiary for a term of one year.   The defefndant was charged with the larceny of sheep of the value of $90. The record discloses that the defendant admitted the larceny of the property set out in the information prior to the trial of the case, and this confession was testified to at the trial.   The defendant did not take the witness stand.

The brief filed on behalf of defendant does not cite a single authority upon the propositions advanced

for a reversal of the judgment. On the assignment of error, that the evidence is insufficient to sustain a conviction and that the trial court erred in refusing to direct a verdict of not guilty, no abstract of evidence is made, and no argument is presented to show wherein the evidence fails to sustain the verdict of guilty. Counsel states that the evidence is "too voluminous to be abstracted" and requests the court, "to read and consider it;" thus politely placing on this court the burden of searching the record to determine if the evidence is sufficient to establish the guilt of the defendant beyond a reasonable doubt.

In the case of Reeves v. Territory, 2 Okla. Cr. 351, 101 P. 1039, this court says in the syllabus:

"Questions not fully presented in the briefs of counsel will not be considered upon appeal, unless they relate to fundamental matters. It is the duty of counsel upon appeal to this court, who complain of errors in the proceedings of trial courts, to place their fingers upon the place that hurts, and clearly point out the errors complained of."

Where counsel cites no authorities and points out no substantial defects, this court will examine the record for errors affecting the substantial rights of the defendant, and, finding none, will affirm the case.

While the information is not skillfully drawn, it is sufficient to charge the offense of grand larceny, and, no errors of law appearing upon the record sufficient to justify a reversal, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.