## ED LYNCH v. STATE.

No. A-6579. Opinion Filed April 20, 1929.
(276 Pac. 501.)

Wann & Wann, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Choctaw county, on a charge of having sexual intercourse with, rape, ravish, and carnally know one Elnora Nix, a female person over the age of 16 and under the age of 18, and his punishment fixed at seven years in the penitentiary. Motion for new trial was filed, con-

sidered, and overruled, and exceptions saved, and the case appealed to this court.

The testimony on behalf of the state in substance is that Elnora Nix lived with her parents in Choctaw county, near Ft. Towson, and that some time the latter part of December, 1924, her parents went to town and left her, and while they were gone the defendant had sexual intercourse with the prosecutrix, Elnora Nix, and after that time he continued to have sexual intercourse with her, as a result of which the prosecutrix gave birth to a child. Prosecutrix stated that no other man had ever had sexual intercourse with her; that defendant was the only man she had ever cohabited with. The proof on behalf of the state shows that the prosecutrix was born on May 31, 1907, and was under the age of 18 years at the time the defendant first had sexual intercourse with her, and that she was not the wife of the defendant. The testimony further shows that the defendant was married and had a wife with whom he resided at the time it is alleged he first had intercourse with the prosecutrix.

The testimony on behalf of the state tends to show that defendant wrote a note to the prosecutrix and left it under an old plow by a post near the home of the father of the prosecutrix and advised her he would leave it there. The mother of the prosecutrix testified she saw the defendant when he was near the place where the note was left, under the old plow, where it was stated by the prosecutrix it was to be left, and she saw defendant motion to the prosecutrix, and when he left the prosecutrix went and got the note, and she took it away from her and read the same. The note was introduced in evidence and designated as "State Exhibit 1," and is as follows:

"Now listen Dear one I have spent all the money I had So you must not think I am Trifling with you I aim on Doing what I Told you I would do oh Dont think I will

not keep my promise to you you Said that you had kept your word and I know you have done it. Oh please Dont think I am trying to get a Round you I would give all I have on Earth for you. Oh Be True to me if I am Drove away from you I sure will come back to you as soon as I can get Every thing arranged. Say is thair any one you can out confidence that would help you out if So Name them to me oh if I can get away to get out of the thing I sure will Stay in Reach of you and I will Dye By you if Necessary I am for you to be my wife in the future if you ar gone away Well it may Be that you ar not gone up yet May Be you will Come O. K. yet Say must I Tell the woman of our Being together or must I waite a while and see if you ar gone. What Ever you Do Dont tell them at home Say if you ar not gone up Do you want me or would you like a younger man I love you So much you ar the only girl I have Tutch oh I Dont See why I Com to love you so much and how you come to love an old ugly man like me Bless Your Sweet Time."

The defendant had only lived near where the family of the prosecutrix lived for a short while, but had been preaching in that neighborhood and had on several occasions met the prosecutrix at church. The testimony tends to show that when he moved into the neighborhood he located in about 250 yards of where the family of the prosecutrix lived; that the prosecutrix frequently saw the defendant from time to time up until in December, 1924, the date she claims he first had intercourse with her; that after the prosecutrix found she had become pregnant, she had a conversation with the defendant telling him of her condition, and he then wrote the note which was introduced in evidence.

The defendant called several witnesses, among others Albert Easterwood, to establish that some time before Christmas, in December, 1924, he saw the father and mother of the prosecutrix going to town; they had potatoes in their wagon; witness stated this was on Monday before Christmas; that he also saw the defendant on that date; that it was about 5 or 5½ miles from where he had been

living; that he remembers distinctly the time of the month it was; that he saw the defendant about 4 o'clock, might have been later, going in the direction of his home; that his wife was with him; he had a load of top fodder on his wagon.

Defendant also called George Kline, who stated he saw the father of the prosecutrix, Mr. Nix, and his wife on December 22, 1924; they were going north toward Ft. Towson; they were hauling potatoes; that he distinctly remembers it was on Monday; that he saw the defendant, Ed Lynch, on the same day, and that his wife was with him, and they were going toward Ft. Towson; Mr. Nix passed first.

The defendant also called his wife, who testified that she was at home on or about the 22d of December, 1924; that her husband and she stayed home on Sunday night and on Monday morning went over to Pine Belt Farm; that she saw Mr. and Mrs. Nix that day, saw them first at their home and next saw them going out of the lane; later they passed them beyond the Widow Salters place on Rocky branch; after they passed the Nixes they met Mr. Easterwood; they returned home that night about sundown.

Mrs. McKinzie was called on behalf of the defendant, and she testified to being at defendant's home on December 22, 1924, and that it was on Monday; that defendant was her father; that she was at home until her mother and father left that morning, and that they returned late in the afternoon; the sun was low, something like 5 o'clock; that Mr. Nix left home before her father did; that Mr. and Mrs. Nix returned before her father did.

This is, in substance, all the testimony that is necessary to be set out in this case, that was introduced by the state or by the defendant. The defendant did not testify.

Several errors are assigned and urged by the defendant

as to why this case should be reversed and new trial granted. The first assignment is that the court erred in overruling the motion of plaintiff in error for a new trial. The plaintiff in error in his brief has argued the different assignments, but does not support the same by any authorities showing wherein the court erred in the trial of the case.

The question to be determined in this case is the question, under the facts as presented by the record in this case, did the defendant have sexual intercourse with the prosecutrix, Elnora Nix, within three years prior to the filing of the charge against him in this case, and was the prosecutrix over the age of 16 years and under the age of 18 years at the time of the alleged offense? It is clear from the record that the prosecutrix was born May 31, 1907, and that she would not be 18 years of age until the 31st day of May, 1925. The statement of the prosecutrix is not contradicted by the defendant that the first time she had sexual intercourse with him was some time in December, 1924, and at different times for some months thereafter. The note set out in the record, and placed by him at a designated place where he advised the prosecutrix it would be placed, near where the mother of the prosecutrix claims to have seen the defendant, clearly shows that the writer of the note knew that the prosecutrix was in trouble.

It is urged by the defendant that it is alleged in the information that the first intercourse had with the prosecutrix by the defendant was the 1st day of December, 1924, and that the first date fixed by the state's testimony was three or four days before Christmas, 1924, and that the prosecutrix had stated in her testimony that she would be 18 years of age the 31st of December, 1924; that all she knew about her age was what her father and mother had told her; that there is no corroboration of the testimony of the prosecuting witness Elnora Nix. It will be noted that the defendant does not take the stand and deny having

sexual intercourse with the prosecutrix. This court has repeatedly held that a conviction for rape may be had upon the uncorroborated evidence of the prosecutrix, unless it bears upon its face inherent evidence of improbability, or is clearly contradictory, or unless the prosecutrix has been successfully impeached. Roberts v. State, 31 Okla. Cr. 103, 237 P. 148.

In Douglas v. State, 19 Okla. Cr. 257, 199 P. 927, this court in the second paragraph of the syllabus said:

"Under the laws of this state, conviction for rape may be had upon the uncorroborated evidence of the prosecutrix; but where the testimony of the prosecutrix is contradictory, and her reputation for truth and veracity is impeached, and" defendant's testimony "denies specifically the testimony of the prosecutrix, and his testimony is corroborated, the testimony of the prosecutrix, standing alone, is not sufficient to warrant a conviction."

In this case the testimony of the prosecutrix as to the sexual intercourse with the defendant stands unchallenged, and the defendant did not take the stand and testify denying the act of sexual intercourse or testimony of the prosecutrix, nor did the defendant attempt to show that the reputation of the prosecutrix was bad.

It is urged by the defendant that the testimony is insufficient to sustain the verdict and judgment. With this contention we cannot agree. After a careful reading of all the testimony and an examination of the authorities upon the questions raised by the defendant, we are compelled to hold that the testimony in this case is sufficient to sustain the judgment. It is an unfortunate situation; the defendant, a minister of the gospel, so far forgets himself as to enter the home of his neighbor, and there in the absence of his neighbor violates the laws of his state, and the divine command, by cohabiting with his neighbor's daughter of immature years.

The defendant was accorded a fair and impartial trial;

the court properly declared the law as applied to the facts in the case.

There being no prejudicial errors in the record, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.