## EDGAR LANE v. STATE.

No. A-7162. Opinion Filed March 18, 1930.
Rehearing Denied June 28, 1930.
(289 Pac. 357.)

Champion, Champion & Fischl and Sigler & Jackson, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Carter county of the crime of assault with intent to commit rape, and his punishment fixed at imprisonment in the state penitentiary for a period of five years.

The information on which defendant was tried charged rape in the first degree, it being alleged that defendant on November 19, 1927, accomplished an act of sexual intercourse with one Marie Mayton, a female under the age of fourteen years who was not then and there the wife of the defendant.   The trial court submitted the case on the question of guilt of rape in the first degree, assault with intent to commit rape, and not guilty, and the jury found the defendant guilty of assault with intent to commit rape.   One question is involved in this appeal, to wit, the sufficiency of the evidence to sustain the verdict and judgment.

Counsel for defendant assign other grounds for reversal, but cite authorities and argue only the question of the sufficiency of the evidence.   The brief of counsel for defendant and the record disclose a clear conflict in the evidence.   The evidence on the part of the state being sufficient to support a conviction for rape had the jury so found; while the evidence on the part of the defendant would entitle him to an acquittal if believed.   In such case this court will ordinarily look only to errors of law upon which to ground a reversal of the judgment, and the facts will not ordinarily be reviewed.   One apparent exception to the rule has been promulgated by this court in rape cases.

In Witt v. State, 29 Okla. Cr. 357, 233 Pac. 788, this court said:

"In a case of rape where all the material evidence on the part of the state is contradictory, inconsistent, and un-reasonable and bears upon its face inherent evidence of improbability, it is insufficient to sustain a conviction, and in such case the verdict will be set aside."

In the case of Roberts v. State, 31 Okla. Cr. 103, 237 Pac. 148, this court said:

"In a case of statutory rape where the evidence of the prosecutrix is not inherently improbable or contra-dictory, it is not essential to a conviction that there be cor-roboration."

The state called Marie Mayton, the prosecuting wit-ness. She was only twelve years of age and an unsophis-ticated school girl. The state by permission of the trial judge was permitted finally to ask her leading questions. Taken altogether she told a very reasonable and probable story and was unshaken in the material parts of her testi-mony under a rigid cross-examination. This witness was corroborated in the details of her story except as to the acts of the defendant which the state claimed constituted the rape.

This court has repeatedly held that where the evidence of the prosecutrix is not inherently improbable or contra-dictory, it is not essential to a conviction that there be corroboration. Douglas v. State, 19 Okla. Cr. 257, 199 Pac. 927; Harris v. State, 27 Okla. Cr. 405, 228 Pac. 525; Roberts v. State, 31 Okla. Cr. 103, 237 Pac. 148; Malone v. State, 40 Okla. Cr. 102, 267 Pac. 486: Fowler v. State, 42 Okla. Cr. 300, 275 Pac. 655.

The jury had before it the prosecutrix and the de-fendant together with the other witnesses in the case. It

was their duty to observe the demeanor of the witnesses and to consider their interest or bias. if any was manifested, and to weigh the evidence in arriving at a verdict. The jury having found the issues in favor of the state, and the court having overruled the motion for a new trial, the verdict will not be disturbed where there is competent evidence in the record to support such verdict. The court properly instructed the jury as to the law of the case and told them that they might find the defendant guilty of rape or of assault with intent to commit rape. The jury no doubt took into consideration all the matters argued by the defendant in arriving at their verdict of guilty of assault with intent to commit rape.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.