## GAINES v. STATE.

No. A-11854.

Criminal Court of Appeals of Oklahoma.

Feb. 24, 1954.

Bill G. Lowe, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error, Orville Thurman Gaines, defendant below, 34 years of age, was charged by information in the district court of Cleveland county, Oklahoma, with the crime of first degree rape of Almeta Charlene Hayslip, a girl of the age of 15 years, without her consent, against her will and by means of force and threats, Title 21, § 1114, O.S.1951. The crime was allegedly committed in the aforesaid county and state on February 9, 1952. The case was tried to a jury on March 17, 1952, the defendant convicted of the lesser offense of 2nd degree rape, and his punishment fixed at 4 years in the Penitentiary, Title 21, § 1116, O.S.1951; judgment and sentence entered accordingly, and from which this appeal has been perfected on October 6, 1952; the state's brief filed herein on January 27, 1953.

The gist of the defendant's contention, in the case at bar, is that the state was under the duty to prove all the elements of rape plead in the information. He further contends that the state's testimony was so vacillating and contradictory as to be unworthy of reasonable belief. By reason of the foregoing contentions, he further asserts, that the trial court erred in not instructing the jury to find for the defendant, and error was committed in not granting his motion for new trial.

Title 21, § 1111, O.S.1951, defines rape as an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances, (1) where the female is under the age of 16 years; (5) where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution. Herein the victim being over 14 years of age, Title 21, § 1112, O.S.1951, and under sixteen years of age, if she had sexual intercourse with the defendant with consent such act would constitute the crime of rape in the second degree. Title 21, § 1114, O.S.1951; Law v. State, 92 Okl.Cr. 444, 224 P.2d 278; Fannin v. State, 65 Okl.Cr. 444, 88 P.2d 671. Hence if the defendant had intercourse with the prosecutrix the defendant would be guilty under the law and the proof of force or violence is immaterial. This brings us to the only real issue urged by the defendant.

The record discloses that the prosecutrix testified that the defendant had intercourse with her on a little traveled road northeast of Norman, Oklahoma, in Cleveland county, in the presence of her 3 year old sister whom she was tending. Both the baby and the prosecutrix had been picked up at her home in Oklahoma City by the defendant, ostensibly for the purpose of going on a business mission solely in the defendant's interest. In the vicinity of Norman the prosecutrix testified she informed the defendant, before completing the supposed mission, that she had to be back in Oklahoma City by 1:00 p. m. They immediately started the return trip and by a devious route. The defendant stopped on a little used road and ordered the prosecutrix into the back seat,

**614**

where she testified he had intercourse with her. Her undergarments were bloody, and medical testimony by Dr. Warren A. Potter established a lacerated or torn hymenal ring, but did not reveal the presence of male spermatozoa cells in a smear taken from the prosecutrix' vagina. The doctor's testimony was to the effect she had been entered by a blunt instrument. He said the prosecutrix was emotionally upset when he examined her. Dr. Potter further testified that it would be abnormal for the insertion of the defendant's index finger in the prosecutrix' vagina to produce a tear such as he found.

The defendant's testimony corroborated the prosecutrix in every way except the act of intercourse, which he denied. He asserted the rupture and the blood was produced by his index finger. He related that when the prosecutrix complained it was hurting her he desisted molesting her and they came home. On cross-examination the defendant admitted he had been convicted 20 times for unlawful possession of intoxicating liquor.

The prosecutrix is corroborated by the bloody slip and skirt introduced in evidence and by the doctor's findings. We do not find the prosecutrix' testimony improbable. Conviction for rape may be had on uncorroborated testimony of prosecutrix or on slight corroboration where the testimony is not inherently improbable or unworthy of credence. Lane v. State, 48 Okl.Cr. 84, 289 P. 357; Allen v. State, 35 Okl.Cr. 64, 248 P. 655; Dawes v. State, 34 Okl.Cr. 225, 246 P. 482; Harris v. State, 27 Okl. Cr. 405, 228 P. 525. The evidence presents no lack of probability, but a state of conflict. Under such cases, the Criminal Court of Appeals will not interfere with the verdict of the jury, even where there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479; Lutz v. State, 93 Okl.Cr. 293, 227 P.2d 692. It was not error for the trial court to refuse a directed verdict and to deny the defendant's motion for

new trial. For the foregoing reasons the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.