UNITED STATES, Appellee

v

ERNEST A. TRUDEAU, Private First Class, U. S. Army, Appellant

8 USCMA 22, 23 CMR 246

No. 9334

Decided May 17, 1957

*First Lieutenant William H. Carpenter* argued the cause for Appellant, Accused. With him on the brief was *Major Edward Fenig.*

*First Lieutenant Chester F. Relyea* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Thomas J. Newton.*

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

This appeal raises the question of the admissibility of certain testimony by the accused's wife against him. The testimony consists of a statement regarding a purported indecent act between a nine-year-old and the accused which the accused related to his wife some days after the alleged event.

At the trial the boy testified for the

prosecution. His testimony established that the accused committed the alleged acts upon his person when he visited the accused's room to listen to the radio, while his parents and the accused's wife were at a nearby cafe watching a television program. The accused testified in his own behalf. In substance, he maintained that the youngster attempted to fondle him. He admonished the boy and told him "to go back to his room." He maintained that four or five days later he told his wife "that she'd better go tell Mrs. ——— what he [the boy] did; my wife said she did." On cross-examination he testified, without objection, that he told his wife "everything" about the incident. In response to further questioning by trial counsel, he recounted the details of his conversation with his wife. These were virtually the same as his direct testimony. The accused's wife was then called as a prosecution witness. Over defense objection, she testified to what the accused told her. Her account of the conversation differs in material respects from the accused's version.

Although not specifically differentiated, two bases of inadmissibility of the wife's testimony are ▪ alleged by appellate defense counsel. The first presents the question of whether the alleged indecent acts with the boy constitute an injury against the accused's spouse so as to fall outside the privilege which one spouse has to prevent the other from testifying against him. See Manual for Courts-Martial, United States, 1951, paragraph 148e; United States v Leach, 7 USCMA 388, 22 CMR 178. The second ground of inadmissibility is that, regardless of privilege, the accused's statement constitutes a confidential communication which could not be disclosed over his objection. Manual for Courts-Martial, supra, paragraph 151b(2). These grounds of objection to the admissibility of the wife's testimony are different and should not be confused. United States v Strand, 6 USCMA 297, 304, 20 CMR 13. However, the circumstances of the case justify considering them together.

At the core of each prohibition against spousal testimony is the public policy of safeguarding the ▪ marital relationship. Public policy, however, cannot be perverted into a "shield against contradiction of . . . [the accused's testimonial] untruths." Walder v United States, 347 US 62, 65, 74 S Ct 354, 98 L ed 503 (1954). In his direct testimony the accused attempted to bolster his denial of guilt by representing that he had related the incident to his wife and that he had directed her to tell the boy's mother about it. Having thus voluntarily thrown open a subject which the law would otherwise have kept closed and made it an integral part of his defense, the accused cannot deny the Government the right to challenge his credibility on it. In the Walder case, for example, Federal agents unlawfully seized a heroin capsule from the accused in February 1950. In 1952 he was indicted for illicit transactions in narcotics. At the trial the accused denied complicity in the offenses charged. In his direct examination he maintained that he had never possessed, sold, given as a gift, or acted as a conduit for the transfer of, a narcotic. On cross-examination he was questioned about the 1950 seizure of the capsule. He denied it. Thereupon the trial judge allowed the prosecution to present evidence of the search and of a chemical analysis of the capsule. Affirming this ruling the United States Supreme Court said:

". . . Of his own accord, the defendant went beyond a mere denial of complicity in the crimes of which he was charged and made the sweeping claim that he had never dealt in or possessed any narcotics. Of course, the Constitution guarantees a defendant the fullest opportunity to meet the accusation against him. He must be free to deny all the elements of the case against him without thereby giving leave to the Government to introduce by way of rebuttal evidence illegally secured by it, and therefore not available for its case in chief. Beyond that, however,

**23**

there is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government's disability to challenge his credibility."

A similar conclusion was reached by the Oklahoma Criminal Court of Appeals in Allen v State, 35 Okla Crim 64, 248 Pac 655 (1926). In that case the accused was tried for the rape of his stepdaughter. An Oklahoma statute provided that:

". . . neither husband nor wife shall in any case be a witness against the other except in a criminal prosecution for a crime committed one against the other, . . . and shall in no event on a criminal trial be permitted to disclose communications made by one to the other except on a trial of an offense committed by one against the other."

At the trial the defendant testified to certain conversations with his wife from which it could be inferred that she falsely induced the prosecution. The wife was called by the Government as a rebuttal witness. Over the defendant's objection, she was permitted to testify to her version of the conversation. Upholding the trial court's ruling, the Court of Appeals said:

"It has been held by this court that the commission of rape on a daughter or stepdaughter is not a crime committed against the wife, within the meaning of this statute, and, ordinarily, in such a case the wife is incompetent to testify against her husband. Cargill v State (Okl.

Cr. App.) 220 P. 64. But the privilege of a husband charged with rape to have the testimony of his wife excluded is a privilege or right which may be waived. Wigmore on Evidence, § 2242; notes, Ann. Cas. 1913A, 31. And the right to have the wife's testimony excluded is waived where the husband takes the stand and testifies to conversations had with his wife pertinent to the issue. The state may then cross-examine the defendant witness concerning such conversations and may use the wife as a rebuttal witness. The right to controvert competent evidence by cross-examination or in rebuttal is a right which cannot be abridged, within the scope of the original inquiry. 40 Cyc. 2473 et seq.; 7 Words and Phrases, p. 5987; 4 Words and Phrases, Second Series, p. 197.

"If the defendant wished to avail himself of the benefits of a privileged communication, he should himself have refrained from opening up the subject of that privilege. It would be contrary to reason and authority to permit one to waive such privilege and later avail himself of the privilege by objecting to a fuller development of the facts on rebuttal."

We, therefore, find no error in the law officer's ruling. The decision of the board of review is affirmed.

Judge LATIMER concurs.

Judge FERGUSON concurs in the result.