UNITED STATES

v.

**Airman First Class George D. GIBBS, FR 378–58–1347, United States Air Force.**

ACM S24572.

U. S. Air Force Court of Military Review.

Sentence Adjudged 22 Nov. 1977.

Decided 20 March 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Lieutenant Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Gilbert J. Regan.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused pleaded guilty, as charged, to absence without leave. In the sentencing portion of the trial, he chose, under oath, to explain his misconduct. He testified that even though he knew that agents of the Federal Bureau of Investigation were waiting at his home to pick him up, he did not try to avoid them, as he "wanted to go back and get it settled." On cross-examination he was asked, "Isn't it true that you made a statement to your wife, something to the effect, that the only way you would come back to Charleston Air Force Base was over someone's dead body?" He admitted making this statement during a telephone conversation with his wife. He then stated that he should not have been asked the question because it was said out of anger. The record is silent as to how the trial counsel knew of the conversation.

Appellate defense counsel now assert that the military judge erred in admitting evidence of uncharged misconduct which was obtained from privileged husband-wife communications. We disagree.

Under the Manual for Courts-Martial, United States, 1969 (Rev), paragraph 151b, confidential communications between husband and wife are privileged. An accused does not waive the privilege merely by testifying in his own behalf. However, if he testifies to the confidential communication during direct examination, the privilege is thereby waived and he may be cross-examined fully on the matter. Wharton, *Criminal Evidence*, sec. 832 (Anderson ed. 12th 1955), see *United States v. Trudeau,* 8 U.S.C.M.A. 22, 23 C.M.R. 246 (1957). The privilege may, however, be waived by the accused's failure to assert the privilege. *United States v. Figueroa-Paz,* 468 F.2d 1055 (9th Cir. 1972). The objection to the admission must refer specifically to the privilege, and it must be made before the answer to the question calling for its revelation is given. Wharton, *Criminal Evidence,* see 832 (Anderson ed 12th 1955).

The failure to assert the privilege in this case constituted a waiver of the privilege. See, *United States v. Rener,* 17 U.S.C.M.A. 65, 37 C.M.R. 329 (1967); *United States v. Massey,* 15 U.S.C.M.A. 274, 35 C.M.R. 246 (1965).

The portion of the action ordering the execution of the reduction as of the date of the action is set aside. The convening authority had no authority to take the action at that time. See Articles 57 and 71, Uniform Code of Military Justice, 10 U.S.C. §§ 857, 871.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.